JOSÉ A. SANTIAGO PÉREZ y OTROS, peticionarios, *v.* PALMAS DEL MAR PROPERTIES, INC., recurrida.

*Número:* CC-97-53          *Resuelto:* 24 de octubre de 1997

*José M. Acevedo Álvarez*, abogado de la parte recurrente; *José A.B. Noya Mayoral* y *Lady E. Cumpiano Alfonso*, abogados de la parte recurrida.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Hoy nos toca armonizar las disposiciones de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.*, con las del Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, según enmendado, conocido como la Ley de la Judicatura de Puerto Rico de 1994.

## I

*Los hechos*

Los catorce (14) peticionarios, en los casos consolidados de autos, presentaron querellas por separado en el Tribunal de Primera Instancia, Subsección de Distrito, Sala de

Humacao, contra Palmas del Mar Properties, Inc. (en adelante Palmas del Mar), al amparo del procedimiento sumario que establece la Ley Núm. 2, *supra.*(¹) Reclamaron compensación por despido injustificado, horas extras, el período de tomar alimentos, la eliminación de beneficios y daños y perjuicios.

La querellada Palmas del Mar solicitó una prórroga para contestar las querellas. Ésta le fue concedida. En vez de contestar, Palmas del Mar presentó una moción en la cual informó que las querellas instadas en su contra habían sido trasladadas al Tribunal de Distrito Federal para el Distrito de Puerto Rico, por éstas contener reclamaciones al amparo de la ley federal *Employee Retirement Income Security Act* (en adelante E.R.I.S.A.), 29 U.S.C. sec. 1001 *et seq.* Posteriormente, a solicitud de Palmas del Mar, el tribunal federal consolidó las catorce (14) querellas que se habían presentado en su contra.

El 5 de enero de 1996, el Tribunal de Primera Instancia ordenó la paralización de los procedimientos hasta tanto el tribunal federal resolviera la procedencia del traslado (*removal*). El 21 de junio de 1996, el tribunal federal ordenó la devolución (*remand*) de las querellas consolidadas al Tribunal de Primera Instancia.(²)

El 7 de agosto de 1996, el foro de instancia dictó órdenes por separado en cada uno de los catorce (14) casos y concedió a Palmas del Mar veinte (20) días para contestar las querellas. Estas órdenes fueron notificadas el 13 de agosto de 1996.

El 5 de septiembre de 1996, Palmas del Mar presentó un escrito titulado Moción en Cumplimiento y/o Solicitando Aclaración de Orden. El 24 de septiembre de 1996, el tribunal de instancia le concedió a Palmas del Mar diez

---

(¹) Del expediente surge que en el trámite de estas querellas intervinieron varios jueces superiores. Las catorce (14) sentencias dictadas en rebeldía las emitió el Juez Superior Hon. Ramón Rojas Peña.

(²) Mientras estaban en el foro federal, los querellantes enmendaron sus querellas para eliminar las reclamaciones al amparo de la ley federal *Employee Retirement Income Security Act* (en adelante E.R.I.S.A.).

(10) días para mostrar causa por la cual no se le debía anotar la rebeldía. Esta orden fue notificada el 17 de octubre de 1996.

Ocho (8) días más tarde, el 25 de octubre de 1996, los querellantes solicitaron la anotación de rebeldía. El 30 de octubre de 1996, Palmas del Mar presentó su Moción en Cumplimiento de Orden para Mostrar Causa. Alegó que mientras el pleito estuvo en el tribunal federal los querellantes, aquí peticionarios, habían enmendado sus querellas y la querellada, Palmas del Mar, las había contestado oportunamente. Ya para entonces, sin embargo, el tribunal de instancia había dictado las sentencias en rebeldía contra Palmas del Mar. Éstas fueron dictadas el 29 de octubre, diez (10) de las cuales se notificaron el 1ro de noviembre y cuatro (4) el 4 de noviembre de 1996. En éstas, el tribunal ordenó a Palmas del Mar pagar a los querellantes las sumas reclamadas, exceptuando las cantidades relacionadas con las reclamaciones al amparo de la ley federal E.R.I.S.A. Después de solicitar una reconsideración,[3] Palmas del Mar presentó, en cada uno de los casos, un recurso de apelación ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito).[4]

Los querellantes solicitaron la desestimación en cada uno de los casos. Adujeron que el Tribunal de Circuito carecía de jurisdicción porque los recursos fueron presentados después de haber transcurrido el término jurisdiccional de diez (10) días que establece la Sec. 4 de la Ley Núm. 2 (32 L.P.R.A. sec. 3121). Palmas del Mar se opuso a dicha solicitud. El 21 de enero de 1997, el Tribunal de Circuito

---

[3] De los documentos que se acompañaron como apéndice del recurso no surge que el foro de instancia hubiese considerado o resuelto esta moción.

[4] En dichos recursos, Palmas del Mar planteó, en síntesis, que el foro de instancia erró al determinar que no cumplió con la orden de contestar la querella y dictar sentencia en rebeldía en su contra; al dictar una sentencia en rebeldía sin que se configurasen los elementos de la Regla 45 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y al no reconocer cuando dictó la sentencia en rebeldía contra Palmas Del Mar, que el pleito devuelto (*remanded*) se encontraba en el mismo estado procesal que se encontraba en el tribunal federal.

dictó una resolución enmendada,(⁵) en la cual ordenó la consolidación de los catorce (14) casos y denegó la solicitud de desestimación.

Inconforme con la denegatoria de la desestimación, el 31 de enero de 1997 los querellantes presentaron un recurso de *certiorari* en el que plantearon la comisión del error siguiente:

> Erró el Tribunal de Circuito de Apelaciones al no considerar, cuando sostuvo la procedencia del recurso de Apelación, las disposiciones contenidas en la Ley Núm. 2 de 17 de octubre de 1961 y directrices contenidas en [*Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912 (1996)].

Decidimos revisar y expedimos el recurso.

## II

*La revisión judicial y el procedimiento sumario de la Ley Núm. 2*

■ Con relación al procedimiento especial sumario para reclamaciones laborales establecido en la Ley Núm. 2, *supra*, reiteradamente hemos expresado que la médula del trámite lo constituye el procesamiento sumario y la rápida disposición de la reclamación. *Marín v. Fastening Systems, Inc.*, 142 D.P.R. 499 (1997); *Rivera v. Insular Wire Products Corp.*, supra; *Mercado Cintrón v. Zeta Com., Inc.*, 135 D.P.R. 737 (1994); *Srio. del Trabajo v. J.C. Penney Co., Inc.*, 119 D.P.R. 660 (1987); *Resto Maldonado v. Galarza Rosario*, 117 D.P.R. 458 (1986).

■ En *Rivera v. Insular Wire Products Corp.*, supra, págs. 923–924, expresamos lo siguiente:

---

(⁵) El Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) había dictado una resolución el 10 de noviembre de 1996 a estos mismos efectos. Para esa fecha todavía no se habían presentado los recursos de apelación. Los cambios introducidos en la Resolución enmendada fueron con relación a la fecha cuando se dictó y en cuanto a los integrantes del panel.

Para lograr estos propósitos, y tomando en consideración la disparidad económica entre el patrono y el obrero, y el hecho de que la mayor parte de la información sobre la reclamación salarial está en poder del patrono, el Legislador estableció: (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella, y (9) los *mecanismos para la revisión* y ejecución de la sentencias y el embargo preventivo. (Énfasis suplido.)

En lo que respecta a la competencia del foro de instancia y refiriéndose al anterior esquema organizativo judicial, la Sec. 1 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3118, dispone que el Tribunal de Distrito conocería de toda querella en la que la cuantía en controversia no excediese de diez mil dólares ($10,000), sin incluir intereses, costas, gastos y honorarios de abogado, y el Tribunal Superior conocería de toda querella en exceso de esta cuantía.

En cuanto a la revisión de las sentencias dictadas al amparo de la Sec. 10 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3127, establece que cuando el caso se originaba en el Tribunal de Distrito, la apelación se interponía ante el Tribunal Superior y se formalizaba al presentar el escrito al Secretario del Tribunal de Distrito dentro de los diez (10) días de haber sido notificada la sentencia. La apelación en sí se tramitaba conforme al procedimiento ordinario para las apelaciones del Tribunal de Distrito al Tribunal Superior. De otra parte la Sec. 12 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3129, dispone que "[l]as sentencias dictadas en primera instancia por el Tribunal Superior podrán ser *apeladas o revisadas* por el Tribunal Supremo conforme a procedimiento ordinario". Este procedimiento, el que regía antes de que entrara en vigor la Ley de la Judicatura

de Puerto Rico de 1994 establecía, como norma general, que las sentencias finales dictadas por el Tribunal Superior serían revisadas por el Tribunal Supremo mediante el recurso discrecional de revisión, excepto cuando en éstas se planteara alguna cuestión constitucional sustancial, en cuyo caso serían revisadas como cuestión de derecho mediante el recurso de apelación. El término para presentar ambos recursos era de treinta (30) días, contados desde el archivo en autos de la copia de la notificación de la sentencia. Véanse la Sec. 7 de la Ley Núm. 11 de 24 de julio de 1952, según enmendada, 4 L.P.R.A. sec. 35, conocida por la Ley de la Judicatura de 1952; Regla 53.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III). La Sec. 13 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3130, a su vez establece una limitación en cuanto a la utilización del recurso de apelación con respecto a las sentencias dictadas por el Tribunal Superior, al disponer que "[e]n ningún caso se dará más de una apelación". Por lo tanto, las sentencias que el Tribunal Superior dictaba al amparo de su competencia apelativa, en los casos originados en el Tribunal de Distrito, se podían revisar por el Tribunal Supremo mediante el recurso discrecional de *certiorari* que se regía por los Art. 670–672 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 3491–3493. Se estaba, pues, ante la figura jurídica del *certiorari* clásico que no tiene término y se rige por la doctrina de equidad de *incuria.*

Es a manera de excepción que las Secs. 4 y 6 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 3121 y 3123, establecen un procedimiento especial para la revisión de las sentencias dictadas en rebeldía o cuando una de las partes, ya fuere el querellante o el querellado, no comparece al acto del juicio. En cuanto a este tipo de sentencia, la ley dispone que serán finales y que no se podrán apelar. Sin embargo, sí se podrá recurrir en alzada para que se revisen los procedimientos. Esta revisión, tanto ante el Tribunal Superior como ante el Tribunal Supremo, según fuere el caso, era discrecional y se tenía un término jurisdiccional de diez (10) días "siguientes a la notificación de la senten-

cia" para presentar el recurso. Como podrá observarse, la revisión limitada que se permitía en estos casos se refería solamente a cuestiones procesales y, por lo tanto, participaba de las características de las revisiones de dictámenes interlocutorios. La determinación sobre el derecho sustantivo a la reclamación resuelta en rebeldía o por incomparecencia, no era revisable. Con relación a esta sección, en *Marín v. Fastening Systems, Inc.*, supra, pág. 508, expresamos:

> Esta sección hay que interpretarla de forma integral. Mientras la segunda oración del párrafo ... dispone que de la sentencia final no podrá apelarse, la oración siguiente modifica esta tajante aseveración al especificar que la parte adversamente afectada podrá, sin embargo, solicitar la revisión de los procedimientos habidos en instancia dentro de los diez (10) días siguientes a la notificación de la sentencia.

■ La Ley Núm. 2, *supra*, contiene sólo tres (3) instancias en que el término para recurrir en alzada es de diez (10) días: (1) cuando la sentencia se dicta en rebeldía, Sec. 4, *supra*; (2) cuando la sentencia se dicta por incomparecencia de una de las partes al acto del juicio, Sec. 6, *supra*, y (3) cuando se trata de revisar una sentencia dictada por el Tribunal de Distrito, Sec. 10, *supra*. Sobre el trámite apelativo en sí, aparte de este término corto de diez (10) días para presentar el recurso, la Ley Núm. 2, *supra*, no establece un trámite sumario especial.

Resumiendo, al amparo de la Ley Núm. 2, *supra*, con anterioridad a que entrara en vigor, el 23 de enero de 1995, la Ley de la Judicatura de Puerto Rico de 1994, había tres (3) tipos de recursos disponibles para revisar las sentencias dictadas por el foro de instancia, dependiendo su utilización de las circunstancias de cada caso: apelación, revisión o *certiorari*. La revisión de la sentencia podía ser completa o limitada y se tenían términos jurisdiccionales de diez (10) y treinta (30) días para presentar el recurso, todo dependiendo del tipo de caso y su postura procesal.

# III

*La revisión de sentencias dictadas por el Tribunal de Primera Instancia y el Tribunal de Circuito de Apelaciones bajo la Ley de la Judicatura de 1994, segun enmendada*

■ Mediante la Ley de la Judicatura de Puerto Rico de 1994 se reestructuró la Rama Judicial. Se constituyó un sistema judicial de tres (3) etapas: un tribunal de instancia, el Tribunal de Primera Instancia; un tribunal apelativo intermedio, el Tribunal de Circuito de Apelaciones, y un tribunal de última instancia, el Tribunal Supremo. Con relación al Tribunal de Primera Instancia, se consolidaron los tribunales y se dispuso en específico que el Tribunal de Distrito quedaría abolido en ocho (8) años a partir de la vigencia de la ley, y que permanecería durante el proceso de abolición como una subsección del Tribunal de Primera Instancia. Con la reestructuración de las competencias del Tribunal Supremo, la creación de un tribunal de apelaciones intermedio y la consolidación del tribunal de instancia, la competencia apelativa del Tribunal de Primera Instancia, Sala Superior, quedó sustancialmente limitada. *Farmacias Moscoso, Inc. v. K-mart Corp.*, 138 D.P.R. 497 (1995); *Montalvo v. Mun. de Sabana Grande*, 138 D.P.R. 483 (1995); *Maldonado v. Supte. Policía de P.R.*, 138 D.P.R. 477 (1995); *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, 138 D.P.R. 490 (1995).

Con relación a las apelaciones de las sentencias dictadas por el foro de instancia, en la Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994, Leyes de Puerto Rico, pág. 2801, se indicó, como uno de los propósitos de la reorganización, establecer un derecho de apelación amplio que abarcase tanto los casos criminales como los civiles. En otras palabras, se le quiso dar a la persona cuyo caso haya sido decidido por un solo juez la oportunidad de que la decisión fuese revisada por un tribunal colegiado de por lo menos tres (3) jueces. Véanse: Informe de 25 de octubre de 1995 de la Comisión de lo Jurídico del

Senado de Puerto Rico sobre el Sustitutivo al P. de la C. 1701; Informe Conjunto de 24 de octubre de 1995 de la Cámara de Representantes sobre el Sustitutivo al P. de la C. 1701; Informe Final de 24 de junio de 1994 de la Comisión Legislativa Conjunta sobre Planes de Reorganización de la Rama Judicial sobre el Plan de Reorganización Núm. 1 de 1994 de la Rama Judicial, 12ma Asamblea Legislativa, 3ra Sesión Ordinaria. A estos efectos, el Art. 4.002(a) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(a)) dispuso que el Tribunal de Circuito revisaría "[m]ediante recurso de apelación ... toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de abolición". Como aparente excepción a esta norma general, en el Art. 4.002(e) de la citada ley se dispuso que "[l]os procedimientos establecidos en las leyes sobre elecciones e inscripciones se tramita[rían] de acuerdo con las leyes aplicables". 1994 Leyes de Puerto Rico 2812. De otra parte, con el obvio propósito de uniformar los trámites, en el Art. 10.002 de esta ley, 4 L.P.R.A. sec. 23*l*, en lo pertinente, se estableció una cláusula derogatoria: "toda ley o parte de ley que [fuese] contraria a lo dispuesto en [el Plan de Reorganización Núm. 1] queda derogada."

La competencia del Tribunal Supremo se estableció en el Art. 3.002 de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22i) y la del Tribunal de Primera Instancia en el Art. 5.003 (4 L.P.R.A. sec. 22*o*). Con relación al Tribunal de Distrito, en el Art. 9.103 (4 L.P.R.A. sec. 23k) se dispuso cuál sería la competencia concurrente de éste con el Tribunal Superior durante el proceso de abolición del primero. En el Art. 9.103(a)(1) de la ley, en específico se dijo que el Tribunal de Distrito podría conocer concurrentemente con el Tribunal Superior "[d]e todo asunto civil en que la cuantía en controversia, reclamación legal o valor de la propiedad en disputa no exceda de cincuenta mil (50,000) dólares, sin incluir intereses, costas y honorarios de abogado". (Énfasis suplido.) 4 L.P.R.A. sec. 22k. De otra

parte y con respecto a la competencia de los Jueces Municipales que forman parte del Tribunal de Primera Instancia, el Art. 5.004(I)(c)(7) de la Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 22p(I)(c)(7)) dispuso que éstos podrían atender todo asunto civil en que la cuantía en controversia o reclamación no exceda de tres mil dólares ($3,000), sin incluir intereses, costas y honorarios de abogado. También se les concedía competencia según el Art. 5.004(I)(b)(3) de la citada ley, 4 L.P.R.A. sec. 22p(I)(b)(3), para resolver cualquier caso cuando, según ciertas circunstancias, las partes lo hubieren así convenido y estipulado. Sobre estos dos (2) tipos de casos el Juez Superior tenía jurisdicción concurrente con el Juez Municipal.

En diciembre de 1995, la Ley de la Judicatura de Puerto Rico de 1994 sufrió cambios sustanciales. Mediante la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. secs. 22i–22k, 22n–22p, 23f y 23n) se reestructuraron de nuevo las competencias del Tribunal Supremo y del Tribunal de Circuito. Con relación al Tribunal de Circuito, en el Art. 4.002(a), *supra*, se estableció que éste revisaría por apelación toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de abolición. Aunque la Ley Núm. 248, *supra*, no dispuso el término para presentar el escrito de apelación, la Ley Núm. 249 (32 L.P.R.A. Ap. III), aprobada el mismo día, enmendó varias reglas de procedimiento civil y subsanó esta omisión. El Art. 19 de esta ley enmendó la Regla 53.1 de Procedimiento Civil, *supra*, y en el inciso (c) dispuso que, como norma general, el escrito de apelación ante el Tribunal de Circuito se presentaría dentro del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de la notificación de la sentencia dictada por el tribunal apelado.[6]

---

[6] La Regla 53.1(c) de Procedimiento Civil dispone, en lo pertinente y a manera de excepción, que "[e]n aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación .

En el Art. 4.002(b)-(f) e (i) de la Ley Núm. 248, *supra*, 4 L.P.R.A. sec. 22k(b)-(f) e (i), estableció además seis (6) tipos o clases de *certiorari* para la revisión de distintas sentencias y determinaciones de casos originados en el foro de instancia: (1) aquellas resoluciones dictadas en virtud del procedimiento especial dispuesto en el Art. 18.006 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 L.P.R.A. sec. 4856; (2) las resoluciones, determinaciones y órdenes de la Comisión Estatal de Elecciones, en virtud del Art. 1.016 de la Ley Electoral de Puerto Rico, Ley Núm. 4 de 20 de diciembre de 1977, según enmendaada, 16 L.P.R.A. sec. 3616a; (3) sentencias dictadas como consecuencia de alegaciones de culpabilidad; (4) resoluciones finales en procedimientos de jurisdicción voluntaria; (5) resoluciones interlocutorias, y (6) cualquier sentencia o resolución final para la cual no se hubiere establecido procedimiento específico en la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, o en alguna ley especial aprobada con posterioridad. Nada se dijo o dispuso en la Ley Núm. 248, *supra*, sobre el procedimiento especial sumario para reclamaciones laborales establecido en la Ley Núm. 2, *supra*, al igual que nada se había dispuesto en la Ley de la Judicatura de Puerto Rico de 1994.

Todos los términos dispuestos para presentar recursos de apelación o *certiorari* con relación a los incisos antes señalados son jurisdiccionales, excepto el dispuesto en el inciso (f) y posiblemente alguno que emane del inciso (i). Art. 4.002(f) e (i) de la Ley de la Judicatura de Puerto Rico de 1994, *supra*. El del inciso (f) es de estricto cumplimiento y la naturaleza de los que emanan del inciso (i) dependerá

---

pública, o los municipios de Puerto Rico sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito perjudicada por la sentencia, presentando un escrito de apelación en la forma antes dispuesta y dentro del término jurisdiccional de sesenta (60) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado". 32 L.P.R.A. Ap. III.

de la determinación que se haga al interpretar el mandato legislativo siguiente: "[e]n estos casos, el recurso de *certiorari* se presentará dentro del término y bajo las condiciones dispuestas por ley para la presentación del recurso equivalente que antes se presentaba ante el Tribunal Supremo." Íd. Todos los términos, con excepción de los establecidos en el Art. 4.002(b)–(c) de esta ley, *supra*, y claro está, las variantes que puedan surgir del inciso (i), *supra*, son de treinta (30) días. El referido Art. 4.002(b)–(c) complementa procedimientos especiales que revisten gran urgencia, tales como cuestiones electorales y procedimientos disciplinarios contra alcaldes, por lo que tienen términos más cortos de diez (10) días.

Como ya hemos visto, ni la Ley de la Judicatura de Puerto Rico de 1994 ni las enmiendas posteriores a ésta y a las Reglas de Procedimiento Civil, dispusieron de forma específica la forma en que se tramitarían las revisiones de las determinaciones judiciales dimanantes del procedimiento sumario de la Ley Núm. 2, *supra*. Nos corresponde, pues, interpretar y armonizar estas dos (2) importantes piezas legislativas de manera tal que no se desvirtúen ni frustren sus propósitos.

IV

*Interacción entre el procedimiento sumario de la Ley Núm. 2 y la Ley de la Judicatura de 1994, según enmendada, en el proceso de revisión*

En lo referente al proceso de revisión de las sentencias dictadas por el foro de instancia al amparo de la Ley Núm. 2, *supra*, la determinación de cuál es el recurso apropiado, qué término aplica y cuál es su naturaleza dependerá de la postura procesal de la sentencia que se intenta revisar.

De la normativa procesal antes expuesta, surge con meridiana claridad que, luego de las reformas de la

Rama Judicial de 1994 y 1995, si se trata de un caso al amparo de la Ley Núm. 2, *supra*, de la competencia de la Sala Superior del Tribunal de Primera Instancia, en el cual se hubiese dictado una sentencia luego de una vista en su fondo, le aplica el Art. 4.002(a) de la Ley de la Judicatura de Puerto Rico de 1994, *supra*, según enmendada, y, por lo tanto, ésta podrá ser revisada por el Tribunal de Circuito mediante el recurso de apelación. Este recurso deberá ser presentado dentro del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de copia de la notificación de la sentencia. Arts. 9.103(a)(1) y 4.002(a) de la Ley de la Judicatura de Puerto Rico de 1994, *supra*, según enmendada; Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III; Sec. 12 de la Ley Núm. 2, *supra*. La sentencia que a su vez emita el Tribunal de Circuito podrá ser revisada por el Tribunal Supremo mediante el recurso discrecional de *certiorari*, que ha de ser presentado dentro del término jurisdiccional de treinta (30) días. Art. 3.002(d)(1) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22i(d)(1). También quedan cubiertas por estas disposiciones las revisiones de los casos decididos luego de una vista en los méritos que son de la competencia concurrente de la Sala Superior, con la Subsección de Distrito del Tribunal de Primera Instancia o con el Juez Municipal. Teniendo la Sala Superior competencia concurrente, para propósitos de la revisión, todas las sentencias que sean de su competencia deberán ser tratadas de la misma forma, no importa quién las emita: la Sala Superior, la Subsección de Distrito o el Juez Municipal. Bajo el actual esquema de organización de los tribunales, no existe base para establecer distinciones entre estas tres (3) situaciones en lo que respecta al proceso de revisión. Esta interpretación está acorde con la nueva filosofía que permea la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, de que sólo habrá un Tribunal de Primera Instancia, que en la eventualidad estará compuesto, con excepción de los Jueces Municipales, por jueces de una misma categoría, Jueces Superiores. Y se le estará brin-

dando a los litigantes en casos laborales la oportunidad de que la decisión emitida por un solo juez sea revisada por un foro colegiado, el Tribunal de Circuito. También se le estará dando a todos los reclamantes en acciones laborales la misma oportunidad de revisión judicial, no importa la cuantía de su reclamación.

Los casos decididos al amparo de las disposiciones de las Secs. 4 y 6 de la Ley Núm. 2, *supra*, presentan situaciones diferentes que requieren otro análisis. Estos son casos en que una de las partes, usualmente el querellado, ha incurrido en algún tipo de conducta procesal que ha causado que el proceso se dilate. A manera de penalidad y para desalentar esta clase de conducta, que tiende a desvirtuar el carácter sumario del proceso y dar al traste con el propósito de esta importante legislación laboral reparadora, cuando el querellado no presenta su contestación a la querella de la forma y manera requerida en la Ley Núm. 2, *supra*, el tribunal, a instancias del querellante, dictará sentencia en rebeldía en su contra y le concederá el remedio solicitado. *Marín v. Fastening Systems, Inc.*, supra; *Rivera v. Insular Wire Products Corp.*, supra; *Mercado Cintrón v. Zeta Communications, Inc.*, supra. Lo mismo ocurrirá si el querellado no comparece al acto del juicio.[7] En ambas situaciones la ley no permite que se apele la sentencia; ésta será final. Sin embargo, sí se permite que mediante el mecanismo procesal del *certiorari* se puedan revisar los procedimientos. Estamos, pues, ante un procedimiento sui géneris, una revisión limitada de una sentencia final. Aunque ésta participa de la naturaleza de la revisión de cuestiones interlocutorias sobre trámites procesales, se trata de una sentencia final de revisión limitada. Estamos ante una sentencia final del Tribunal de Primera Instancia para la cual no se ha establecido un procedimiento en la Ley de la Judicatura de Puerto Rico de

---

[7] Si el que no comparece al acto del juicio es el querellante, el tribunal, a instancias del querellado, desestimará la reclamación. Sec. 6 de la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3123).

1994, según enmendada. Tampoco se ha establecido un procedimiento en una ley especial aprobada con posterioridad. A la revisión de este tipo de sentencia le es aplicable el Art. 4.002(i) de la Ley de la Judicatura de Puerto Rico de 1994, *supra.* El recurso apropiado es el de *certiorari*, y el término para presentarlo es jurisdiccional de diez (10) días, ya que éste era el término y éstas eran "las condiciones dispuestas por ley para la presentación del recurso equivalente que antes se presentaba ante el Tribunal Supremo". De la sentencia que dicte el Tribunal de Circuito se podrá recurrir al Tribunal Supremo mediante el recurso de *certiorari* establecido en el Art. 3.002(d)(4) de la Ley de la Judicatura de Puerto Rico de 1994, *supra.* Se tendrá el término de cumplimiento estricto de treinta (30) días. Pasemos ahora a aplicar las normas antes expuestas a los hechos del caso que tenemos ante nuestra consideración.

V

*Aplicación de las normas de derecho a los hechos*

En el caso de autos las catorce (14) querellas contra Palmas del Mar fueron presentadas individualmente ante el Tribunal de Primera Instancia, Subsección de Distrito de Humacao, al amparo del procedimiento especial sumario de la Ley Núm. 2, *supra.* En todas se reclamó compensación por despido injustificado, horas extra, período de tomar alimentos, eliminación de beneficios y daños y perjuicios. Palmas del Mar solicitó en todas una prórroga de veinte (20) días, que le fue concedida. En ese momento, en vez de contestar las querellas, solicitó el traslado de éstas al Tribunal de Distrito federal. En ese foro, las querellas se consolidaron y se enmendaron para eliminar la reclamación bajo la ley federal de E.R.I.S.A. Así enmendadas, Palmas del Mar las contestó. Después de estos trámites, el foro federal devolvió los casos al Tribunal de Primera Instancia. Una vez trasladados, el foro de instancia aparentemente no se percató de que ya las querellas ha-

bían sido consolidadas y contestadas. El 7 de agosto de 1996, emitió órdenes por separado en cada una de las querellas, para concederle nuevamente a Palmas del Mar veinte (20) días para contestarlas.[8] El 5 de septiembre, la querellada Palmas del Mar presentó una moción con la cual acompañó varios documentos relacionados al caso mientras estuvo en el foro federal. Incluyó la demanda enmendada de las querellas consolidadas y su contestación. Entendió que estos documentos demostraban que había contestado las querellas y que, por lo tanto, estaba dando cumplimiento a la orden del tribunal de contestarlas.

Así las cosas, el 24 de octubre el tribunal dictó una orden, en la que le concedió un término a la parte querellada para que mostrara causa por la cual no se le debía anotar la rebeldía.[9] El 30 de octubre, Palmas del Mar compareció en respuesta a esta orden y le indicó una vez más al tribunal, que ya había contestado las querellas. Como podrá observarse, el 29 de octubre el tribunal ya había dictado sentencia en rebeldía en todos los casos, aunque aún no las había notificado. Diez (10) de las querellas las notificó el 1ro de noviembre y cuatro (4) el 4 de noviembre. El 2 de diciembre la querellada Palmas del Mar presentó un escrito de apelación ante el Tribunal de Circuito. Cuestionó los procedimientos habidos en el caso.

En el caso de autos, no cabe duda de que las querellas presentadas eran de la competencia concurrente de la Sala Superior y la Subsección de Distrito del Tribunal de Primera Instancia. También, de los hechos procesales antes relatados surge con meridiana claridad que los casos se

---

[8] Los veinte (20) días vencían el 2 de septiembre, pero siendo éste un día feriado, el Día del Trabajo, el término para presentar el recurso venció el 3 de septiembre. El escrito tiene fecha de 4 de septiembre, pero no fue presentado hasta el 5 de septiembre de.1996. Sin embargo, del expediente surge que el 25 de octubre de 1996 el tribunal de instancia emitió una orden en la cual indicaba que la dictada el 7 de agosto no fue notificada al abogado de los querellantes, por lo que ordenó notificar ésta nuevamente como orden enmendada, "sin que ésto [sic] signifique alterar la parte dispositiva de la misma".

[9] Aunque en·la orden se indica que la parte querellante muestre causa por la cual no se debe anotar la rebeldía, es obvio, por la naturaleza de la orden, que se está refiriendo a la parte querellada.

estaban tramitando según el procedimiento especial sumario de la Ley Núm. 2, *supra*, y que el tribunal de instancia entendió que las querellas no se habían contestado y que procedía la anotación de rebeldía y que, a su vez, se dictase la sentencia en rebeldía. Fue precisamente para cuestionar la corrección de este trámite procesal que la querellada Palmas del Mar recurrió al Tribunal de Circuito. Ahora bien, para tener derecho a que ese foro entendiese en la revisión solicitada, tenía que presentar el recurso dentro del término jurisdiccional.([10])

A tenor del análisis normativo que hemos hecho de las disposiciones procesales en las partes II y III de esta opinión, a la situación antes descrita le aplican las disposiciones de la Sec. 4 de la Ley Núm. 2, *supra*, y el Art. 4.002(i) de la Ley de la Judicatura de Puerto Rico de 1994, *supra*. La sentencia dictada en rebeldía era final e inapelable, pero los procedimientos se podían revisar mediante el recurso de *certiorari*. El término que se tenía para presentar el recurso ante el Tribunal de Circuito era jurisdiccional de diez (10) días, contados desde la notificación de la sentencia. El Tribunal de Circuito carecía de jurisdicción para atender los casos consolidados. Erró al denegar la moción de desestimación por falta de jurisdicción.

Por todo lo antes expuesto, *se dictará sentencia revocando la resolución recurrida y devolviendo el caso al foro de instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.*

El Juez Asociado Señor Fuster Berlingeri emitió una opinión concurrente y disidente. Los Jueces Asociados Señores Negrón García y Rebollo López no intervinieron.

---

([10]) Aunque el recurso apropiado es el de *certiorari* y la querellada Palmas del Mar lo que presentó fue un recurso de apelación, si lo hubiese presentado dentro del término jurisdiccional y cumpliendo con los requisitos de ambos recursos, el tribunal pudo haber considerado el recurso de apelación como una petición de *certiorari* y resuelto en los méritos la controversia planteada. Art. 4.002(j) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22k(j).

— O —

Opinión concurrente y disidente emitida por el Juez Asociado Señor Fuster Berlingeri.

Concurro con el resultado al que llega la mayoría del Tribunal en el caso de autos. Estoy de acuerdo con que, aun luego de la reorganización de la Rama Judicial, legislada en 1994 y 1995, subsiste el procedimiento especial de revisión judicial de la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118 *et seq.*) que aquí nos concierne. Por ello, coincido con la mayoría en que el recurso en el caso de autos tenía que presentarse ante el Tribunal de Circuito de Apelaciones dentro del término jurisdiccional de diez (10) días.

No obstante, no puedo darle un voto de conformidad a la opinión de la mayoría. Ello, porque en esta opinión se pauta también otro asunto que no está planteado en el caso de autos, y se pauta de un modo que no comparto, que estimo incompatible con otros pronunciamientos de la mayoría en este mismo caso.

Me refiero al asunto de la revisión judicial de las sentencias que pueda dictar el anterior Tribunal de Distrito en los casos de reclamaciones laborales que no excedan de diez mil dólares ($10,000). Respecto a estas sentencias, la citada Ley Núm. 2 dispone expresamente un término para su revisión de diez (10) días. A pesar de tal disposición, la mayoría entiende que en virtud de la nueva Ley de la Judicatura de Puerto Rico de 1994, tales sentencias son apelables dentro del término jurisdiccional de treinta (30) días.

Este dictamen lo hace la mayoría, a pesar de reconocer expresamente en su opinión que el legislador *nada dispuso en la legislación de reorganización judicial* sobre los procedimientos sumarios especiales para reclamaciones laborales que establece la Ley Núm. 2, *supra.* La omisión del legislador, de no preceptuar si la reorganización judicial habría de modificar la histórica política social de agilizar

las reclamaciones salariales de los trabajadores, es una de varias lagunas importantes en la nueva legislación sobre la Judicatura. Se trata de lagunas que debemos conjurar sólo cuando surja algún caso que así lo requiera, atendiendo únicamente el asunto concreto del caso ante nos, conforme lo dispone el Art. 7 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 7. *Collazo Cartagena v. Hernández Colón,* 103 D.P.R. 870 (1975). La situación referente a reclamaciones laborales menores de diez mil dólares ($10,000) no está presente en el caso de autos, por lo que este Foro no ha debido pronunciarse con respecto a ella en su opinión.

Más aun, si la mayoría insiste en pautar el asunto referido, entonces debería hacerlo del mismo modo en que resuelve la controversia concreta del caso de autos. Debería reconocer que se trata de un asunto sui géneris, respecto al cual ha de aplicarse una norma que corresponda al propósito particular de la Ley Núm. 2, *supra,* de que las reclamaciones salariales de los trabajadores se diluciden de la manera más rápida posible. Desde el punto de vista de la finalidad de la Ley Núm. 2, *supra,* no hay base alguna para la distinción que hace la mayoría del Tribunal entre la revisión judicial, en casos como el de autos, y la revisión judicial de las sentencias sobre reclamaciones menores de diez mil dólares. En ambos casos, el legislador dispuso con claridad procedimientos cortos para tratar de limitar la indigencia del trabajador que ha perdido su salario. Tampoco cabe distinción alguna entre una y otra situación a base de la legislación sobre la reorganización judicial, debido a que el legislador no tuvo específicamente en cuenta ni una ni la otra al aprobar dicha legislación, como bien admite la propia mayoría.

Por último, precisamente porque se trata de reclamaciones menores, el procedimiento sumario está particularmente justificado en los casos aludidos. Cuando la reclamación salarial es de poca cuantía, existe el riesgo de que el trabajador se desaliente y no procure su derecho, si para

ello tiene que esperar que concluyan procesos extensos o dilatados. Exponer estas reclamaciones menores al rigor procesal ordinario puede dar al traste con el propósito justiciero de la importante política laboral que informa la Ley Núm. 2, *supra.*

Por todo lo anterior, sólo concurro en el resultado concreto del caso de autos, y disiento de los pronunciamientos del Tribunal sobre el término de la revisión judicial de sentencias de instancia cuando la reclamación laboral es menor de diez mil dólares.