*369 TEXTO COMPLETO DE LA SENTENCIA
Ante nos, Bristol Myers Squibb (“Bristol”), solicita que revisemos la sentencia en rebeldía dictada por el Tribunal de Primera Instancia, Sala de Humacao (“TPF). Mediante la misma, dicho foro declaró con lugar la querella presentada en su contra, como co-querellada, por el Secretario del Trabajo y Recursos Humanos (“Secretario”), en representación del empleado Javier Rodríguez Oyóla sin celebración de vista, imponiéndole el pago de $44,500 más $300 semanales hasta que lo reponga en su empleo. Afirma que no procedía se dictara sin celebrar una vista evidenciaria.
Cuestiona, además, el remedio concedido tomando en consideración las disposiciones de la Ley 26 de 22 de de 1992, mejor conocida como la “Ley de Compañías de Servicios Temporeros”, 29 L.P.R.A. sees. 575 et. seq., y su aplicación a una causa de acción bajo la Ley 45 de 18 de abril de 1935, “Ley de Compensaciones por Accidentes del Trabajo”, 11 L.P.R.A. see. 7. Finalmente, sostiene que no procedía la anotación de rebeldía en su contra en cuanto a la acción de daños y perjuicios incluida en la querella.
Inicialmente emitimos resolución. Acogimos el recurso como uno de apelación. Reexaminado el asunto, resolvemos que el apropiado para revisar los planteamientos ante nuestra consideración es el de certiorari. Cfr., Santiago v. Palmas del Mar Properties, Inc., 143 D.P.R. 886 (1997); Rodríguez v. Syntex P.R., Inc., 148 D.P.R. 604, 616 (1999). Se trata de la revisión de un dictamen en rebeldía que, aunque participa de la naturaleza de una resolución interlocutoria, es una sentencia final. De tal modo, el aspecto procesal del recurso lo gobierna la See. 4 de la Ley 2 de 17 de octubre de 1961 (32 L.P.R.A. see. 3121) y el Art. 4.006 de la nueva Ley de la Judicatura de 2003 (4 L.P.R.A. sec. 24y(e)).
Tomamos conciencia de que la Ley de la Judicatura adoptada en el 2003, peculiarmente dejó fuera el Art. 4.002(i) de la del 1994 que específicamente contemplaba la revisión por este Foro, mediante el recurso de certiorari, de cualquier sentencia final emitida por el Tribunal de Primera Instancia, criterio utilizado en Santiago v. Palmas del Mar, supra, para determinar que el apropiado en estos casos es el certiorari.
No obstante, armonizamos la finalidad impuesta por la See. 4 de la Ley 2, supra, a las sentencias dictadas en rebeldía, la cual descarta la apelación como recurso, con el derecho de las partes a que revisemos los procedimientos, en unión al Art. 4.006(e) de la Ley de la Judicatura de 2003 (4 L.P.R.A. Sec. 24y(e)), que permite utilizar el certiorari para revisar cualquier otro asunto determinado por ley. Aunque la See. 4 de la Ley 2 no alude específicamente al certiorari, de no permitirlo privamos a las partes del derecho otorgado para que revisemos la sentencia final dictada, expresamente inmerso en dicho precepto. 
Por los fundamentos que discutimos a continuación, procede expedir el auto de certiorari solicitado a los fines de revocar la sentencia parcial recurrida, mantener la rebeldía anotada a Bristol y devolver el caso al TPI para procedimientos ulteriores de forma compatible con esta sentencia.
Los hechos que inician la presente disputa, no están en controversia. Son los siguientes. Javier Rodríguez Oyóla prestaba servicios en Bristol. Si bien el recurso instado carece de los datos específicos, está claro que se configuró entre Bristol y la co-querellada CTS, compañía esta última que se dedica al negocio de servicios temporeros, una relación de compañía cliente y compañía de servicios temporeros según contemplada en la Ley 26, supra. En su comparecencia ante nos, CTS no lo refuta. El Secretario lo admite en la suya oponiéndose a que expidamos el auto solicitado.
Mientras laboraba para Bristol, Rodríguez Oyóla se reportó al Fondo del Seguro del Estado (“FSE”). Alegadamente, una vez dado de alta, no le reservaron el empleo, siendo despedido.
Representado por el Secretario, presentó querella contra CTS y Bristol. Reclamó $37,000 por pérdida de *370 ingreso, $300 semanales hasta su restitución, más $25,000 en concepto de daños y peijuicios. 
Afirmó, escuetamente, que prestó servicios para las “partes querelladas” y fue despedido por su “patrono” una vez dado de alta por el FSE, al que había sido referido, ello así en violación a la reserva de empleo establecida en el Art. 5-A de la Ley 45. Solicitó que se dictase sentencia contra “las partes querelladas” imponiéndole la obligación de reponerle en su empleo, pagarle la partida de salarios dejados de devengar y que se le compensara en la cantidad de $25,000 por los daños y peijuicios sufridos. Véase, apéndice del recurso, pág. 1.
El Secretario se acogió al procedimiento sumario dispuesto en la Ley 2 (32 L.P.R.A see. 3118 et seq.). Ambas partes querelladas fueron debidamente notificadas. CTS contestó; sin embargo, Bristol no compareció dentro del término dispuesto en la See. 3 de la Ley 2 (32 L.P.R.A. see. 3120).
Así las cosas, el Secretario solicitó al TPI que dictara sentencia en contra de Bristol por no contestar la querella. Desistió voluntariamente en cuanto a CTS. Posteriormente, se dictó sentencia parcial en rebeldía contra Bristol. Concluyó el TPI que procedía la reclamación del querellante por ser válida y suficiente como para que se pudiese conceder el remedio solicitado. Le condenó a pagar la suma de $44,500 más $300 semanales por cada semana que transcurra sin que se notifique al querellante con comunicación permitiéndole que se presente a trabajar. En cuanto a la reclamación de daños y peijuicios, pospuso su adjudicación hasta celebrar una vista de daños.
Referente a CTS, decretó el archivo de la querella en su contra por desistimiento voluntario. Aunque el Secretario no lo solicitó, dispuso que era con peijuicio.
Inconforme con la sentencia dictada en su contra, Bristol acude ante nos. Imputa la comisión de los siguientes errores:

“A. Erró el Honorable TPI al dictar sentencia parcial sin tan siquiera la celebración de una vista.

B. Erró el TPI al conceder el remedio solicitado por el recurrido en la querella al amparo de la Ley Núm. 45, toda vez que dicho foro no consideró si, a la luz de las disposiciones de la Ley Núm. 26 de 22 de julio de 1992, conocida como la “Ley de Compañías de Servicios Temporeros”, dicho recurrido tenía una causa de acción bajo la Ley Núm. 45 contra Bristol.

C. Erró el Honorable TPI al anotar rebeldía en cuanto a la causa de acción en daños y perjuicios. ”
Atendido inicialmente el recurso, emitimos resolución. Le ordenamos a CTS y al Secretario que comparecieran y discutieran la aplicación de Ocasio v. Kelly Services, Inc., 2005 J.T.S. 9, a los hechos de este caso. En cumplimiento, así lo hizo CTS. Argumenta que existe una sentencia final y firme a su favor decretando el archivo de la querella en su contra. Añade que le corresponde a Bristol ahora resarcir “los daños del querellante”. Le atribuye “responsabilidad patronal” en cuanto a su pago.
Por su parte, el Secretario también cumplió. Se opone a la petición de Bristol. Admite que el querellante no era “empleado directo” y que CTS, como compañía de empleos temporeros, se lo asignó. Sostiene, que por ser suficientes las alegaciones de la querella, procedía dictar sentencia en su contra. Agrega que no es necesario que el querellante espere a que se adjudique lo relacionado con la obligación primaria de CTS sobre la reserva de empleo. Aparenta no reconocer lo resuelto en Ocasio v. Kelly Services, supra.
En conocimiento de la posición de las partes, resolvemos.
*371 La Ley 2, supra, creó un mecanismo procesal con el propósito de lograr una rápida consideración y adjudicación de querellas presentadas por empleados y obreros contra sus patronos. Lucero v. San Juan Star, 2003 J.T.S. 81; Ríos v. Industrial Optic, 2001 J.T.S. 121; Rivera Rivera v. Insular Wire Products Corp., 140 D. P.R. 912 (1996).
Si la parte querellada no presenta contestación en la forma que se dispone en la sección 3 de dicho ordenamiento procesal laboral, supra, después de haber sido notificado con copia de la querella y no pide prórroga para contestar dentro del plazo establecido, el tribunal tendrá que adjudicar el caso en rebeldía.
Los autos ante nos reflejan claramente que Bristol no contestó las alegaciones de la querella conforme las disposiciones de la Ley 2. Tampoco presentó solicitud de prórroga juramentada para contestar según se requiere. En momento alguno compareció ante el T.P.I. Procedía la anotación de rebeldía en su contra.
Ahora bien, el hecho de que Bristol no contestó la querella y se le anotó la rebeldía, no quiere decir que el TPI podía, como lo hizo, de forma ritual y maquinalmente dictar sentencia a favor del querellante-recurrido. Aunque se ha reconocido que si un querellado no presenta su contestación dentro de los términos dispuestos en la Ley 2, el tribunal deberá conceder el remedio solicitado por el querellante, esto no quiere decir que está obligado a dictar sentencia a su favor, sin vista, si de las alegaciones de la querella no surge claramente una causa de acción que lo justifique. Es decir, un trámite en rebeldía no garantiza per se una sentencia favorable al querellante. Rodríguez v. Syntex P.R., Inc., supra, pág. 613, nota “3”; Ruiz v. Col. San Agustín, 152 D.P.R. 226, 236 (2000).
La consecuencia jurídica de la anotación de rebeldía es que se dan por admitidos como ciertos todos y cada uno de los hechos correctamente alegados. Por lo tanto, debemos examinar si de las alegaciones de la querella surgen hechos que acrediten si procedía dictar la sentencia en rebeldía emitida en contra de Bristol concediendo el remedio solicitado.
Conforme a la querella presentada, se alega de forma conclusoria que “los querellados” despidieron al querellante violando así el Art. 5-A de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. see. 7. Sus alegaciones fueron las siguientes:

“1. Que la parte querellante prestó servicios para las partes querelladas y en el curso de dicho empleo sufrió un accidente. Fue referido para tratamiento al Fondo del Seguro del Estado y después de este referimiento, el querellado le despidió de su empleo luego de ser dado de alta el 19 de marzo de 2002.

2. Que como consecuencia de su patrono haberlo despedido de su empleo y luego de negarse a reinstalarlo en el mismo una vez fuera dado de alta, el querellante ha permanecido desempleado, tuvo pérdidas de ingresos estimados en la suma de $37,300.00 hasta la radicación de la querella; sin embargo, [ejsta suma sigue aumentando a razón de $300.00 semanales hasta su restitución en el empleo; más daños y perjuicios por la suma de $25,000.00

3. Que conforme a la Ley Núm. 45 de 18 de abril de 1935, según enmendada, el querellante tiene derecho a que el querellado lo reinstale en su empleo y le responda por todos los salarios que hubiere devengado de haber sido reinstalado en su empleo, además de los daños y perjuicios que la acción de su patrono le haya ocasionado.

4. Que la parte querellada se ha negado a satisfacer la suma expresada en el párrafo segundo, a pesar de las gestiones efectuadas por la parte querellante.

5. Que la querellante se acoge para el trámite de la presente reclamación al procedimiento especial de 
*372
carácter sumario que establece la Ley Núm. 2 de 17 de octubre de 1961. ”

Id., pág. 1, apéndice del recurso (Querella).
De conformidad con el Ait. 5-A de la Ley de Compensaciones por Accidentes del Trabajo, supra, invocado por el querellante-recurrido, y nuestro ordenamiento jurídico vigente, el patrono está obligado a reservarle el empleo al obrero o empleado mientras éste recibe los beneficios del FSE, sujeto a los términos allí establecidos. García v. Darex P.R., Inc., 148 D.P.R. 364 (1999). Como regla general, no lo puede despedir en tales circunstancias, excepto que medie justa causa.
La obligación de reinstalarlo, una vez es dado de alta del Fondo, está supeditada a las tres condiciones que señala dicho artículo, i. e.: (1) que el obrero o empleado requiera al patrono que lo reponga en su empleo dentro del término de quince días, contados a partir de la fecha fue dado de alta o autorizado a trabajar con derecho a tratamiento, y siempre y cuando el requerimiento no se haga después de transcurridos doce meses desde la fecha del accidente; (2) que el obrero o empleado esté física y mentalmente capacitado para ocupar el empleo en el momento en que solicite de su patrono su reposición; y (3) que dicho empleo subsista en el momento en que el obrero o empleado solicite su reposición. Art. 5-A Ley de Compensaciones por Accidentes del Trabajo, supra.
Aun sin cuestionar la veracidad de las alegaciones de la querella antes citadas, considerando las disposiciones y requisitos del Art. 5-A, no procedía dictar sentencia en rebeldía en contra de Bristol. Están éstas carentes de los elementos básicos de la causa de acción invocada. No se desprende la fecha exacta en que el querellante fue despedido ni la del accidente; si estaba mental y físicamente capacitado para volver al empleo; si el puesto que tenía subsistía al momento en que solicitó la reposición; si antes del despido requirió que fuera repuesto dentro del plazo reglamentario; tampoco cuál querellado lo despidió. Son estos hechos de suprema importancia para configurar la acción invocada. No se pueden dar por admitidos, como pretende el Secretario que resolvamos, si no están alegados.
Por lo tanto, a la luz de lo antes expuesto, erró el TPI al dictar sentencia en rebeldía en contra de Bristol pol-las alegaciones. Del dictamen recurrido, no surgen las circunstancias específicas que justifiquen imponerle obligación bajo el Art. 5-A de la Ley 45, supra.
No hay duda de que la tesis del Secretario en el sentido de que las alegaciones de la querella no sólo eran concretas, sino que los datos omitidos constan de los archivos de Bristol, desdibuja el concepto y principio prevaleciente sobre lo que constituye la rebeldía, lo que conlleva su anotación y dictar sentencia en tales casos. Si no se aportan hechos que justifiquen la concesión del remedio solicitado, no puede sostenerse que el querellado los acepta como tampoco se deben dar por admitidos los incorrectamente alegados. Véase, e.g., Rivera v. Insular Wire Products, Corp., supra; Alamo v. Supermercado Grande, Inc., 2002 J.T.S. 124.
Desde otro ángulo, la responsabilidad de CTS, compañía de servicios temporeros, así como la de Bristol, compañía cliente, están reguladas en asuntos laborales por las disposiciones de la Ley 26, supra. Valían y dependen de su naturaleza. Cuando se trata de legislación que obliga al patrono a reservar el empleo bajo el Art. 5-A, supra, la de Bristol, como compañía cliente, es expresamente subsidiaria. El principal responsable por la reserva del empleo es la compañía de servicios temporeros, en este caso CTS. Sólo en caso de un incumplimiento de esta última en lo referente a esa obligación, es que Bristol, como compañía cliente, le compete observarla.
O sea, la responsabilidad principal circunscrita a reservar el empleo al obrero o empleado, conforme las disposiciones de la Ley 26, supra, recae en primera instancia en la compañía de servicios temporeros, en este caso CTS, y sólo en la eventualidad de incumplimiento de ésta es que Bristol, como paso subsiguiente, le toca *373 esa obligación. Cabe señalar que similar controversia fue resuelta recientemente en Ocasio v. Kelly Servs., Inc., supra.
Al aplicar lo resuelto en el citado caso y evaluadas las alegaciones de la querella, no suscita dudas respecto a que éstas tampoco son suficientes como para promover una sentencia en rebeldía en contra de Bristol cuya obligación es de carácter secundario conforme los parámetros de la Ley 26. Por tal razón, a pesar de que dicha parte no contestó la querella y procedía la anotación de rebeldía en su contra, el querellante no sólo, como antes dicho, tiene que probar sus concluyentes alegaciones bajo la Ley 45 sobre reserva de empleo, sino que tomando en cuenta las disposiciones de la Ley 26 -Ley de Compañías de Servicios Temporeros-, también le compete establecer que CTS incumplió con esa obligación antes de imponerla a Bristol de forma subsidiaria.
Resumiendo, primeramente las alegaciones de la querella son insuficientes para dictar la sentencia recurrida. Segundo, tampoco establecen que CTS incumplió con su obligación de reservar el empleo al querellante. De tal modo, incurrió el TPI en los primeros dos (2) errores imputados.
Por último, nos solicita Bristol que dejemos sin efecto la rebeldía anotada sólo en cuanto a la causa de acción en daños y perjuicios y ordenemos bifurcar ese trámite por la vía ordinaria. Reproduce correctamente el esquema procesal aplicable de adjudicar separadamente la acción de daños cuando éstos se reclaman en un procedimiento sumario al amparo de la Ley 2 según adoptado por nuestra jurisprudencia.
Empero, olvida que está en rebeldía. Segundo, que una reclamación por violaciones al Art. 5-A, supra, permite la concesión de daños, lo cual implica que pueden procurarse utilizando el trámite sumario por no ser ello incompatible con ese procedimiento, salvo que el Tribunal de Primera Instancia, en el ejercicio de su discreción, permita encauzar la acción por la vía ordinaria. Véase, Berrios v. González et al, 151 D.P.R. 327 345-352 (2000).
Omite, además, acreditar eventos o circunstancias que justifiquen su incomparecencia y ameriten levantar la rebeldía anotada. Consiguientemente, denegamos su pedido. Nada impide, sin embargo, que lo reproduzca correctamente y fundamente ante el TPI.
Por los motivos antes expresados, expedimos el auto de certiorari solicitado a los fines de revocar la sentencia dictada, mantener la rebeldía anotada a Bristol y remitir el caso al TPI para procedimientos ulteriores a tenor de las interesantes opciones al alcance de las partes y que éstas tengan a bien solicitar, con vista a lo que se desarrolló ante dicho foro, todo ello de forma compatible con lo aquí resuelto.
Lo acuerda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones