Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EFRAÍN CALDERÓN TOVAR<br><br>Peticionario<br><br>v.<br><br>ARCADIS CARIBE, PSC<br><br>Recurrido | KLCE202400965 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. GB2023CV00805<br><br>Sobre:<br>Despido Injustificado |
| --- | --- | --- |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de septiembre de 2024.

I.

El 13 de septiembre de 2023, el Sr. Efraín Calderón Tovar instó en el Tribunal de Primera Instancia una *Querella* por despido sin justa causa contra Arcadis Caribe, PSC (Arcadis), a tenor con la Ley Núm. 80 de 30 de mayo de 1976, según enmendada.[1] Utilizó el mecanismo procesal de la Ley Núm. 2 de 17 de octubre de 1961.[2] En su *Contestación a la Querella* presentada el 23 de octubre de 2023, Arcadis alegó que el despido fue con justa causa y que no le adeudaba nada a el señor Calderón Tovar.

Luego de varios trámites procesales, entre ellos la revisión de un incidente procesal interlocutorio, el 29 de julio de 2024, Calderón Tovar presentó una *Moción de Sentencia Sumaria*. Además de oponerse a la misma, Arcadis solicitó que la sentencia sumaria se dictara a su favor. Así las cosas, el 29 de agosto de 2024, el Tribunal de Primera Instancia emitió *Resolución* declarando No Ha Lugar

---

[1] 29 LPRA § 185a *et seq.*
[2] 32 LPRA § 3118 *et seq.*

Número Identificador

RES2024_____

ambas mociones. Intimó que existen hechos materiales en controversia que impiden disponer del litigio sumariamente.

Inconforme, el 9 de septiembre de 2024, Calderón Tovar acudió ante nos mediante *Certiorari*.[3] Acompañó su recurso con una *Urgente moción en auxilio de jurisdicción*. Por los fundamentos que expondremos a continuación, desestimamos el recurso por falta de jurisdicción y consecuentemente, declaramos No Ha Lugar la *Urgente moción en auxilio de jurisdicción*.

II.

La Ley Núm. 2 de 17 de octubre de 1961,[4] establece un procedimiento sumario de reclamaciones laborales de obreros y empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales.[5] Su propósito es proveerle al obrero un mecanismo procesal abreviado mediante el establecimiento de términos cortos que facilite y aligere el trámite de sus reclamaciones.[6] El Tribunal Supremo de Puerto Rico ha enfatizado que la médula y esencia del trámite de la Ley 2, es precisamente el procesamiento sumario y su rápida adjudicación. La naturaleza sumaria del procedimiento constituye su característica esencial.[7]

---

[3] SEÑALAMIENTOS DE ERROR:
 A. ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA AL BRINDAR CRÉDITO A UNA OPOSICIÓN A LA MOCIÓN CARENTE DE PRUEBA ADMISIBLE PARA CONTROVERTIR LOS HECHOS Y LA PRUEBA PRESENTADA POR EL PETICIONARIO COMO PARTE DE SU SOLICITUD DE SENTENCIA SUMARIA SIN DARLE OPORTUNIDAD AL QUERELLANTE-RECURRENTE DE PRESENTAR SU POSICIÓN DE CONFORMIDAD CON LA REGLA 8.4 DE PROCEDIMIENTO CIVIL DE PUERTO RICO DENEGANDOLE SU DERECHO A SER OIDO.
 B. ERRÓ EL TPI AL DENEGAR UNA MOCIÓN DE SENTENCIA SUMARIA ANTE LA CUAL LA PARTE PROMOVIDA NO CONTROVIRTIÓ LOS HECHOS EN APOYO A LA MISMA CON PRUEBA ADMISIBLE.
 C. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN SU INTERPRETACIÓN Y APLICACIÓN DE LA OPINIÓN DEL TRIBUNAL SUPREMO EN EL CASO DE ORTIZ ORTIZ V. MEDTRONIC, 209 DPR 759, 781 (2022).
[4] 32 LPRA § 3118 *et seq.*
[5] *Ríos Moya* v. *Industrial Optics*, 155 DPR 1 (2001); *Berríos Heredia* v. *González*, 151 DPR 327 (2000); *Rivera Rivera* v. *Insular Wire Products*, 140 DPR 912, 921 (1996).
[6] *Ocasio* v. *Kelly Servs.*, 163 DPR 653 (2005); *Lucero* v. *San Juan Star*, 159 DPR 494 (2003); *Ríos*, 155 DPR; *Ruiz* v. *Col. San Agustín*, 152 DPR 226 (2000); *Berríos*, 151 DPR; *Rivera*, 140 DPR, págs. 923-924.
[7] *Vizcarrondo Morales* v. *MVM, Inc.*, 174 DPR 921, 929 (2008); *Lucero* 159 DPR, pág. 505; *Rodríguez Aguiar* v. *Syntex*, 148 DPR 604 (1999); *Dávila* v. *Antilles Shipping, Inc.*, 147 DPR 483 (1999); *Santiago* v. *Palmas del Mar*, 143 DPR 886,

Por ello se ha exigido su rigurosa observancia en aras de evitar que las partes desvirtúen su carácter especial y sumario.[8]

No obstante, nuestro más alto Foro, en *Dávila Rivera* v. *Antilles Shipping Inc.*,[9] explicó que **nuestra intervención está limitada cuando se recurre de resoluciones interlocutorias emitidas en casos atendidos por el Tribunal de Primera Instancia bajo el procedimiento sumario de la Ley Núm. 2.** Razonó que:

> La parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. De este modo se da cumplimiento a la médula del procedimiento analizado y, por otro lado, no queda totalmente desvirtuado el principio de economía procesal ya que, si tenemos en cuenta la rapidez con que sobrevienen los escasos eventos procesales previstos por la Ley Núm. 2 veremos que la pare podrá revisar en tiempo cercano los errores cometidos.[10]

Aunque esta norma de autolimitación judicial no es absoluta, solo a modo de excepción, se pueden revisar las resoluciones interlocutorias dictadas por un tribunal sin jurisdicción y aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo.[11] Es decir, en aquellas situaciones en que la revisión inmediata disponga del caso en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia.[12]

### III.

En este caso, Calderón Tovar acude ante nuestra consideración para que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia denegando mociones de sentencia

---

[8] *Ríos*, 155 DPR; *Dávila*, 147 DPR; *Mercado Cintrón* v. *Zeta Communications, Inc.*, 135 DPR 737 (1994); *Srio. del Trabajo* v. *J.C.Penny Co., Inc.*, 119 DPR 660 (1987).

[9] 147 DPR 483, 497 (1999).

[10] *Íd.*

[11] *Íd.* pág. 498.

[12] *Íd.*; *Medina Nazario* v. *Mcneil Healthcare LLC*, 194 DPR 723, 732-733 (2016).

sumaria incoadas por ambas partes. Como hemos indicado, **la revisión de resoluciones interlocutorias como la presente es contraria al carácter sumario del procedimiento laboral**.[13] Aunque vía excepción podríamos asumir jurisdicción y atenderlas, el presente recurso no plantea ninguna de las instancias que interlocutoriamente nos permita así hacerlo.

IV.

Por los fundamentos antes expuestos, *desestimamos* el recurso de *Certiorari* incoado por falta de jurisdicción y declaramos No Ha Lugar la *Urgente moción en auxilio de jurisdicción.*

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] *Medina,* 194 DPR, pág. 733.