Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CARMEN A. RÍOS LÓPEZ<br><br>Apelada<br><br><br>V.<br><br><br><br>CARIBBEAN MEDICAL &<br>REHABILITATION CORP.<br><br>Apelante | KLAN202300558 | Apelación procedente del Tribunal de Primera Instancia Sala de Superior de Ponce<br><br>Caso Núm.:<br>PO2021CV02795<br><br>Sobre:<br>Despido Injustificado |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 31 de agosto de 2023.

Comparece ante nos Caribbean Medical and Rehabilitation Corporation (en adelante, Caribbean Medical o apelante) y solicita que revoquemos la *Sentencia* emitida y notificada el 12 de junio de 2023, por el Tribunal de Primera de Instancia, Sala Superior de Ponce (en adelante TPI).[1] En esta, el TPI declaró Ha Lugar una querella sobre despido injustificado y condenó a la apelante a pagar a la querellante una mesada por $39,473.50 más gastos, costas y honorarios por 15% de la indemnización otorgada.[2] Sorprendentemente, la apelante también solicita la revisión de una Resolución emitida por el foro primario el 7 de febrero de 2022, notificada al día siguiente. Observamos que previamente un panel hermano de este foro apelativo abordó la revisión de la referida determinación del TPI y resolvió esa controversia en el caso KLCE202200190 en una Sentencia emitida el 3 de mayo de 2022,

---

[1] Dictada por el Hon. Juez Hamed Santaella Carlo. Apéndice de recurso de *Apelación* (en adelante, *Apéndice*), págs. 1–13.

[2] *Apéndice,* pág. 13.

la cual advino en final y firme luego de que el Tribunal Supremo rechazara la solicitud de *certiorari* instada por la parte afectada.

Por los fundamentos que expondremos a continuación, desestimamos por falta de jurisdicción.

**-I-**

El 30 de noviembre de 2023, la señora Carmen A. Ríos López (en adelante, la señora Ríos López o recurrida) presentó una *Demanda* contra la parte apelante por despido injustificado, al amparo de la Ley sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA secs. 185a–185n (en adelante Ley 80) y acogiéndose al trámite dispuesto en la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA secs. 3118–3132 (en adelante Ley 2-1961).[3] La señora Ríos López alegó haber prestado servicios para Caribbean Medical en la posición de Asistente Administrativa desde diciembre de 1995, mediante un contrato de empleo sin tiempo determinado.[4] Que nunca recibió una amonestación por su desempeño, que nunca fue suspendida de su empleo y que nunca fue sometida a un plan de mejoramiento. En resumen, indicó que solicitó condiciones flexibles de trabajo debido a la crisis provocada por la pandemia del CoViD19 y su situación como madre con custodia única de hijos menores de edad durante el periodo en que las escuelas no habían retornado a su modalidad presencial, a la altura de agosto de 2020. Adujo que Caribbean Medical denegó su petición y dio por terminada la relación de empleo entre las partes mediante una carta suscrita el 21 de septiembre de 2020. Informó que presentó una querella ante el Departamento del Trabajo y Recursos Humanos (en adelante DTRH) por despido

---

[3] *Apéndice*, pág. 15–17.
[4] *Apéndice*, pág. 16.

injustificado y que el DTRH le dio la razón y emitió una carta el 22 de febrero de 2021 informando a Caribbean Medical la cantidad adeudada como indemnización.[5] Expresó que debido a que la apelante se negó a pagar la indemnización, el DTRH cerró el caso administrativamente el 25 de marzo de 2021. Sostuvo que su terminación de empleo fue injustificada porque nunca demostró un patrón de conducta impropia o desordenada, siempre rindió su trabajo en forma eficiente y nunca cometió una violación de las reglas o reglamentos por la apelante.[6] Solicitó el sueldo correspondiente a seis (6) meses por concepto de indemnización o un total de $10, 161.50.[7] También la indemnización de tres semanas de sueldo por cada año de servicio prestado a la apelante, para un total de $29,312.00.[8]

Los emplazamientos para la *Caribbean Medical* se expidieron el 6 de diciembre de 2021.[9]

El término para contestar la querella transcurrió sin que se presentara una alegación responsiva. En consecuencia, el 10 de enero de 2022 el TPI emitió una *Resolución de Anotación en Rebeldía*.[10] Expresó que la anotación de rebeldía tendría el efecto de que se dieran por admitidas todas las aseveraciones de las alegaciones afirmativas conforme a la Regla 45 de las de Procedimiento Civil.

El 18 de enero de 2022, Caribbean Medical presentó una moción titulada *Comparecencia Especial, Moción de Desestimación*

---

[5] *Apéndice*, págs. 16, 19. Ante el DTRH, Caso *Carmen Ana Ríos López v. Caribbean Medical and Rehabilitation Corp.*, núm. A4-D1-DP-0022-20. *Íd.*, págs. 19–20. El DTRH notificó una deuda de $35,272.80. *Íd.*, pág. 41.
[6] *Apéndice*, pág. 17.
[7] Ello basado en que la compensación más alta que recibió fue aquella correspondiente al año 2019 por $20,323.22. *Apéndice*, pág. 16.
[8] $20,323 / 52 semanas = $390.83 semanal
$390.83 * 3 semanas = $1,172.48 por año de servicio prestado.
2020-1995 =25 años de servicio
$1,172.48 * 25 años = $29,312.02
[9] *Apéndice*, pág. 52.
[10] *Apéndice*, pág. 52. Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC), Entrada # 7.

*por Falta de Jurisdicción y/o Nulidad de Emplazamientos y/o No Mediar un Despido Injustificado según la Ley y/o Reconsideración.*[11] La apelante expresó comparecer sin someterse a la jurisdicción del TPI. Alegó que en la *Querella* ante el TPI se reclama una cantidad superior a la calculada como adeudada por el DTRH.[12] A saber, se reclaman $39,473.50 en la *Querella*, mientras la carta de la DTRH a la apelante indica $35,272.80.[13] Así, alega que hay una diferencia de $4,200.70 que no se explica.[14] Arguyó que esta diferencia o error significa que los hechos de la querella no están correctamente alegados, lo cual impide que se estimen aceptadas en el contexto de una Anotación de Rebeldía y Sentencia en Rebeldía.

En la alternativa, solicitó se determinara que no hubo despido injustificado. Arguyó que la evidencia presentada estaba incompleta, no despidió a la señora Ríos López, y que si se interpreta que medió un despido, que este era justificado, ya que esta había abandonado el empleo. Alegó que también había presentado estas defensas ante el DTRH mediante cartas vía la representación legal de la apelante.[15] Alegó que existió una reunión con el DTRH en la cual la señora Ríos rechazó una oferta de regresar a su posición de empleo.[16] Adujo, en general, que el DTRH archivó el caso definitivamente debido a que la recurrida rechazó una oferta de regresar al empleo.[17]

También en la alternativa, argumentó que procedía la desestimación con perjuicio al amparo de las Reglas 4.3 y 4.4 de las de Procedimiento Civil. Alegó que el documento sometido como emplazamiento diligenciado no cumplía con la ley para probar el

---

[11] *Apéndice*, págs. 19–40.
[12] *Apéndice*, págs. 19–20.
[13] *Íd.*, págs. 20. Véanse, *Querella*, Carta de notificación de querella ante DTRH de 27 de octubre de 2020, *Cómputos de Reclamación* de 27 de octubre de 2020 y Carta de notificación de deuda de 22 de febrero de 2021. *Íd.*, págs. 41–43.
[14] *Íd.*, pág. 20.
[15] *Íd.*, pág. 22. Véanse cartas suscritas por el Lcdo. Edgardo Santiago Lloréns de 15 de marzo y 22 de marzo de 2022, respectivamente. *Íd.*, págs. 44, 46.
[16] *Íd.*, pág. 22.
[17] *Íd.*, pág. 22.

diligenciamiento, por lo cual, era nulo. En particular, arguyó que este no cumplió con la regla por no estar firmado ni especificar a quién se le entregó.

En la alternativa, pidió se reconsiderara la anotación en rebeldía, dejándola sin efecto.

Así las cosas, el 12 de junio de 2022, el TPI emitió la *Sentencia* apelada, la cual, como se ha indicado, fue dictada en rebeldía. En la misma se condenó a la apelante al pago de $39,473.50 por despido injustificado, más el pago de gastos, costas y una partida de honorarios de abogado equivalente al 15% de la cuantía concedida.

Inconforme, el 22 de junio de 2023, la apelante acude ante nos alegando que el TPI cometió los siguientes errores:

Primer Error:  Erró el TPI al dictar Sentencia y no atender la solicitud de celebración de vista.

Segundo Error:  Erró el TPI al dictar Sentencia sobre despido injustificado sin una vista.

Tercer Error:  Erró el TPI al dictar Sentencia con alegaciones insuficientes.

Cuarto Error: Erró el TPI al dictar Sentencia sin prueba y automáticamente.

Quinto Error: Erró el TPI al dictar Sentencia sin corroborar la veracidad y suficiencia de las alegaciones contenidas en la Querella, las cuales son vagas, conclusorias, incompletas, inconsistentes, conflictivas, contradictorias, especulativas, falsas, entre otras.

Sexto Error:  Erró el TPI al dictar Sentencia determinando que medió un despido injustificado.

Séptimo Error: Erró el TPI al dictar Sentencia con un cálculo de mesada incorrecto, sin prueba, prueba en contrario y/o conflictiva.

Octavo Error:  Erró el TPI al dictar Sentencia sin haber realizado una determinación de activación de presunción.

Noveno Error:  Erró el TPI al no desestimar la querella.

Décimo Error:  Erró el TPI al no declarar que los emplazamientos fueron válidos, declararse con jurisdicción sobre la querellada, anotar la rebeldía y mantener la rebeldía.

Con el beneficio de la comparecencia de ambas partes, resolvemos.

**-II-**

**-A-**

La Ley Núm. 2-1961, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq.*, provee un procedimiento sumario de reclamaciones laborales para la rápida consideración y adjudicación de las querellas de obreros y empleados contra sus patronos que estén relacionadas a salarios, beneficios y derechos laborales. Ley Núm. 2, *supra,* sec. 3118; *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921 (2008). Dichas reclamaciones ameritan ser resueltas a la brevedad posible para así lograr los propósitos legislativos de proteger el empleo, desalentar los despidos injustificados y proveerle al obrero despedido medios económicos para su subsistencia mientras consigue un nuevo empleo. *Íd.*

La naturaleza de este tipo de reclamación exige celeridad en su tramitación, pues de esta forma se adelanta la política pública de proteger al obrero y desalentar el despido injustificado. *Izagas Santos v. Family Drug Center*, 182 DPR 463 (2011). Con el fin de adelantar su propósito, la ley estableció:

> **(1) términos cortos para la contestación de la querella presentada por el obrero o empleado;** (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; **(8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella,** y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. Patiño Chirino v. Parador Villa Antonio, 196 DPR 439 (2016) (énfasis nuestro).

En cuanto al término para que el querellado presente su alegación responsiva, la Ley Núm. 2, *supra*, dispone:

> **El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito,** con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, **dentro de diez (10) días después de la notificación**, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, **y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.** Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga. (Énfasis suplido) [...] Sec. 3 de la Ley Núm. 2-1961, 32 LPRA sec. 3120.

A tenor con lo anterior, la referida Ley dispone que si el querellado no radica su contestación a una querella instada en su contra dentro del término de 15 días, el juez, a instancia del querellante, estará facultado para dictar sentencia en rebeldía contra el querellado, concediendo el remedio solicitado. Sec. 4 de la Ley Núm. 2-1961, 32 LPRA sec. 3121.   Esta última disposición establece:

> Si el querellado radicara su contestación a la querella en la forma y en el término dispuestos en la Sección 3 de esta Ley, el juicio se celebrará sin sujeción a calendario a instancias del querellante, previa notificación al querellado.
>
> Si el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la Sección 3 de esta Ley, el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. **La sentencia a esos efectos será final y de la misma no podrá apelarse**.
>
> Si ninguna de las partes compareciere al acto del juicio, el tribunal pospondrá la vista del caso; si compareciere sólo el querellado, a instancias de éste, el tribunal desestimará la reclamación, pero si sólo compareciere el querellante, el tribunal a instancias del querellante dictará sentencia contra el querellado concediendo el remedio solicitado. En uno u otro caso, la sentencia será final y de la misma no podrá apelarse.
>
> Se dispone, no obstante, que la parte afectada por la sentencia dictada en los casos mencionados en esta sección podrá acudir mediante auto de *certiorari* al Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días siguientes a la

notificación de la sentencia para que se revisen los procedimientos exclusivamente.

La determinación dictada por el Tribunal de Apelaciones podrá ser revisada por el Tribunal Supremo de Puerto Rico mediante auto de certiorari, en el término jurisdiccional de veinte (20) días, contados a partir de la notificación de la sentencia o resolución. (Énfasis suplido)

**-B-**

La rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). El mecanismo de la rebeldía tiene como propósito principal desalentar el uso de la dilación de los procedimientos como una estrategia de litigación. *Id*. La Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V R. 45.1, contiene las disposiciones relacionadas con la anotación de rebeldía. La citada Regla provee lo siguiente:

> *Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el secretario anotará su rebeldía.*
>
> *El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3 (b)(3).*
>
> *Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).*
>
> *La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.*

De conformidad con las disposiciones contenidas en la Regla 45.1, *supra*, la anotación de rebeldía es un mecanismo útil para los tribunales en varias instancias. La más común de ellas se suscita cuando una parte no comparece al proceso luego de haber sido emplazada de manera adecuada. *Bco. Popular v. Andino Solís*, 192 DPR 172 (2015). Si bien es cierto que un demandado tiene el derecho de actuar de esta manera, el mecanismo de la anotación en rebeldía

permite que el ejercicio de su prerrogativa no dilate el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses. *Rivera Figueroa v. Joe's European Shop, supra.*

Además, procede la anotación de rebeldía cuando el demandado no cumple con el requisito de comparecer a contestar la demanda u ofrecer una defensa a su favor, por lo que este no presenta alegación alguna contra las alegaciones hechas por el demandante o contra el remedio solicitado por este. *Íd.* Entonces, tanto el demandante, mediando solicitud, como el TPI, *motu proprio*, puede declarar a la parte en rebeldía. *Bco. Popular v. Andino Solís, supra.* Básicamente**, una anotación en rebeldía tiene la consecuencia de que se dan por admitidos todos los hechos bien alegados en la demanda.** Además, tiene el efecto de autorizar al TPI para que dicte sentencia, si es eso lo procedente como cuestión de derecho. *Rivera Figueroa v. Joe's European Shop, supra.*

Por otra parte, la Regla 45.2 de Procedimiento Civil, 32 LPRA Ap. V R. 45.2, establece los casos en los que podrá dictarse sentencia en rebeldía.[18] Dispone la Regla 45.2(a), *supra*, que el tribunal podrá así actuar cuando la reclamación del demandante contra el demandado sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, siempre y cuando no se trate de un menor o de una persona incapacitada. Lo anterior, a menos que estos estén representados por el padre, madre, tutor o defensor judicial u otro representante que haya comparecido en el pleito. Ahora bien, si para que se dicte la sentencia en rebeldía se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración

---

[18] A esto hay que añadir las leyes especiales donde se autorice la anotación de la rebeldía a una parte, como la antes discutida sec. 4 de la Ley Núm. 2-1961, *supra*, que nos ocupa.

mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar el asunto a un comisionado o comisionada. Regla 45.2(b) de Procedimiento Civil, *supra.*

Es menester recalcar que la Regla 45 de Procedimiento Civil, 32 LPRA Ap. V R. 45, no tiene como propósito otorgarle una ventaja a los demandantes al dictar una sentencia a su favor sin que se celebre una vista en los méritos, sino que, como hemos mencionado, es una norma procesal que, como remedio coercitivo, pretende evitar las dilaciones innecesarias en el curso de los procesos judiciales. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93 (2002). Finalmente, la anotación de rebeldía o el dictar sentencia en rebeldía contra una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción. *Díaz v. Tribunal Superior*, 93 DPR 79 (1966).

**-C-**

En nuestro ordenamiento se ha definido la jurisdicción como "la autoridad que por una ley o la Constitución se le ha concedido al foro para considerar y decidir casos o controversias". *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228 (2014); *Mun. San Sebastián v. QMC*, 190 DPR 652 (2014); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011). Así pues, tanto los foros de instancia como los foros apelativos tienen el deber de primeramente analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings, supra*; *Shell Chemical v. Srio. Hacienda*, 187 DPR 109 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1 (2011);

*Aguadilla Paint Center, Inc. v. Esso Standard Oil, Inc.*, 183 DPR 901 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC, supra*; García v. Hormigonera Mayagüezana, 172 DPR 1, 7 (2007); Arriaga v. F.S.E., 145 DPR 122, 127 (1998). Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo. *Mun. San Sebastián v. QMC, supra*; *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Regla 83 de nuestro Reglamento (4 LPRA Ap. XXII-B). No tenemos discreción para asumir jurisdicción donde no la hay. *Yumac Home v. Empresas Massó, supra*.

**-III-**

CMR señala diez errores de diversa naturaleza en una Sentencia dictada en rebeldía, entre estos que se dictara sentencia sin celebrar una vista, sin prueba, de manera alegadamente automática, basada en alegaciones insuficientes, y sin corroborar la veracidad o suficiencia de las alegaciones. Finalmente, alega que el TPI cometió error al declararse con jurisdicción sobre la apelante, al declarar que los emplazamientos fueron válidos, y anotarle rebeldía a la apelante y sostener dicha anotación.

En primer lugar, descartamos de plano considerar el último señalamiento de error. Ello, porque un panel hermano abordó ese señalamiento y lo resolvió en el caso KLCE202200190 una *Sentencia* emitida el 3 de mayo de 2022.[19] Como se indicó previamente, dicha

---

[19] El panel apelativo que resolvió la controversia de si se emplazó de manera que se adquirió jurisdicción sobre la parte aquí apelante, allí recurrente, expresó:

En el presente caso, el emplazamiento fue expedido a nombre de Caribbean Medical y fue entregado personalmente el señor Javier Lugo, contador de Caribbean Medical en sus oficinas. Analizados estos hechos, los requisitos para una notificación adecuada a Caribbean Medical, en cuanto a lugar y persona, se

determinación advino en final y firme, por lo que no es posible que sea considerado nuevamente por este Tribunal.

Ahora bien, tal y como se expresara en la discusión de Derecho que antecede, al amparo de la Ley Núm. 2, si el querellado no presenta contestación en la forma y manera que se dispone en la Sec. 3 de la ley, 32 L.P.R.A sec. 3118, el tribunal dictará sentencia en su contra sin más citarle ni oírle. También, la Sec. 4 de la misma Ley expresamente establece que si el querellado no presenta su contestación a la querella en el término dispuesto para ello el tribunal dictará sentencia concediendo el remedio solicitado, la cual **será final y de la misma no podrá apelarse.** No obstante, dicha sección establece el derecho de recurrir en alzada solamente si es "para que se revisen los procedimientos", lo que significa, conforme ha dispuesto nuestro Tribunal Supremo, que dicha revisión es una limitada a cuestiones exclusivamente procesales. *Santiago v. Palmas del Mar Properties, Inc.*, 143 DPR 886 (1997).

Así las cosas, tenemos que el presente asunto, la apelante ya ejerció su derecho a cuestionar la jurisdicción del Tribunal, siendo dicho asunto ya definitivamente adjudicado.   Sobre el aspecto procesal, debemos añadir que tribunal de instancia no podrá, automáticamente, dictar sentencia en rebeldía cuando de las alegaciones no surja que el querellante tiene derecho al remedio solicitado. Sin embargo, en este caso la parte querellante alegó correctamente los hechos específicos los cuales, de su faz, eran demostrativos de que, de ser probados, la convertirían en acreedora del remedio solicitado.  En consideración al mandato de la Sec. 4 de

---

cumplieron. Lo cierto es que Caribbean Medical supo mediante el emplazamiento y copia de la querella entregada a su contador que había sido demandado por despido injustificado.

En cuanto al emplazamiento, **"lo realmente esencial y determinante es que el demandado conozca del pleito en su contra"**.

*Apéndice*, págs. 49–66; *Ríos López v. Caribbean Medical & Rehabilitation Corporation*, KLCE202200190, en la pág. 12 (3 de mayo de 2022), citando en parte a *Nazario Morales v. AEE*, 172 DPR 649, 657 (2007) [Sentencia].

la Ley 2, *supra*, el resto de los asuntos determinados de forma sustantiva no es revisable toda vez que la sentencia se dictó en rebeldía y carecemos de jurisdicción para atenderlos.

No debemos perder de perspectiva que los tribunales tienen que aplicar rigurosamente los términos taxativos de la Ley Núm. 2, *supra*, a fin de garantizar la sencillez y celeridad de los procedimientos pretendida por el legislador en los casos de reclamaciones laborales. *Peña Lacern v. Martínez Hernández y Otros*, 210 DPR __ (2022), 2022 TSPR 105. Por tales razones, corresponde que desestimemos la apelación presentada.

**-IV-**

Por los fundamentos que se desestima el recurso presentado, por falta de jurisdicción de este Tribunal.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones