Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ARAHIZA VÁZQUEZ COLÓN<br><br>*Apelante-Recurrida*<br><br>v.<br><br>METRO CAGUAS INCORPORATED (H.N.C. HOSPITAL PAVÍA CAGUAS) Y OTROS<br><br>*Apelados-Peticionarios*<br><br>ARAHIZA VÁZQUEZ COLÓN<br><br>*Recurrida-Apelante*<br><br>v.<br><br>METRO CAGUAS INCORPORATED (H.N.C. HOSPITAL PAVÍA CAGUAS) Y OTROS<br><br>*Peticionarios-Apelados* | KLAN202401020[1]<br><br>consolidado con<br><br><br><br>KLCE202401254 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV00501 (Salón 208)<br><br>Sobre: Despido Injustificado (Ley Núm. 80 y otros)<br><br>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV00501 (Salón 208)<br><br>Sobre: Despido Injustificado (Ley Núm. 80 y otros) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2025.

Comparece ante nos la señora Arahiza Vázquez Colón (señora Vázquez Colón), mediante recurso de *Apelación* denominado alfanuméricamente como KLAN202401020, presentado el 15 de noviembre de 2024. Asimismo, comparecen ante esta Curia Metro Caguas Incorporated h/n/c Hospital Pavía Caguas y Metro Pavía Health System, Inc. (Pavía Caguas), mediante *Petición de Certiorari*

---

[1] Ordenamos la consolidación de los recursos KLAN202401020 y KLCE202401254, en consideración a que en ambos se recurre de dictámenes emitidos en un mismo caso y a tenor con las disposiciones de la Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, por lo cual, en adelante, las partes se referirán al epígrafe según consignado en esta sentencia.

designado alfanuméricamente como KLCE202401254, presentado el 18 de noviembre de 2024.

En los recursos, nos solicitan que revoquemos la *Sentencia Parcial* y la *Resolución*, ambas emitidas el 7 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro primario). Por virtud de la *Sentencia Parcial*, el TPI desestimó la segunda causa de acción formulada en la querella presentada por la señora Vázquez Colón sobre la responsabilidad civil de Pavía Caguas, como patrono sucesor, por su despido sin justa causa[2]. Con relación a la *Resolución* dictada, declaró No Ha Lugar la *Moción de Sentencia Sumaria* sobre la primera causa de acción de la querella en cuanto a la responsabilidad Civil de Pavía Caguas por actos de discrimen por razón de sexo[3].

Por los fundamentos que discutiremos a continuación, **revocamos** la *Sentencia Parcial* apelada y; ***denegamos*** la expedición del auto de *Certiorari* solicitado.

## I.

Resumimos los hechos pertinentes a las causas consolidadas. El 18 de abril de 2024, la señora Vázquez Colón, presentó una *Querella*[4] al amparo del procedimiento sumario reconocido en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, conocida como la L*ey de Procedimiento Sumario de Reclamaciones Laborales* (Ley Núm. 2)[5], en contra de Pavía Caguas. En esencia, la señora Vázquez Colón alegó haber sido despedida de su empleo sin justa causa en violación a la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como la *Ley Sobre Despidos Injustificados* (Ley Núm. 80)[6], y discriminada por razón de sexo en violación a la Ley

---

[2] Véase, Entrada #28 de SUMAC.
[3] Véase, Entrada #29 de SUMAC.
[4] Véase, Entrada #1 de SUMAC.
[5] 32 LPRA sec. 3118 *et seq.*
[6] 29 LPRA sec. 185a *et seq.*

Núm. 100 de 30 de junio de 1959, según enmendada, conocida como *Ley contra el Discrimen en el Empleo* (Ley Núm. 100)[7], Ley 3 del 13 de marzo de 1942, según enmendada, conocida como *"Ley de Protección de Madres Obreras"*[8]; Ley Núm. 69 de 6 de julio de 1985, según enmendada, conocida como *"Ley para Garantizar la Igualdad de Derecho al Empleo"*[9]. Como segunda causa de acción, alegó que, al momento del despido, era empleada permanente del Centro Médico del Turabo, Inc. haciendo negocios como HIMA San Pablo-Caguas (HIMA de Caguas). Que el 15 de agosto de 2023, HIMA de Caguas presentó una petición voluntaria de reorganización al amparo del capítulo 11 del Código de Quiebras. El 3 de octubre de 2023, HIMA de Caguas le solicitó al Tribunal de Quiebras, autorización para proceder con un Asset Purchase Agreement (APA) con Pavía Caguas. Durante el proceso de reorganización bajo el Capítulo 11 del Código de Quiebras, HIMA de Caguas continuó sus operaciones ininterrumpidamente hasta el 19 de diciembre de 2023. No obstante, en esta misma fecha, HIMA de Caguas despidió a la señora Vázquez Colón sin justa causa, cuando ya estaba en su quinto mes de embarazo. Ya, para el 20 de diciembre de 2023, Pavía Caguas continuó operando el mismo tipo de negocio que operaba HIMA de Caguas en el mismo establecimiento, con básicamente el mismo equipo, maquinaria e inventario. Por lo cual, adujo que Pavía Caguas, como adquiriente voluntario de HIMA de Caguas, le responde por las obligaciones laborales o actos ilegales de este último, al amparo de la doctrina de patrono sucesor[10].

Por su parte, el 27 de septiembre de 2024, Pavía Caguas presentó *Moción de Desestimación por Falta de Jurisdicción*[11].

---

[7] 29 LPRA sec. 146 *et. seq.*
[8] 29 LPRA sec.467 *et. seq.*
[9] 29 LPRA sec. 1321 *et. seq.*
[10] Véase, Entrada #1 de SUMAC.
[11] Véase, Entrada #17 de SUMAC.

Esbozó que la señora Vázquez Colón solicitó erradamente al foro primario que asumiera jurisdicción sobre un asunto cuyo campo está ocupado y reservado por el Tribunal de Quiebras para el Distrito de Puerto Rico[12]. Alegó que es inaplicable la doctrina de patrono sucesor, esto, al amparo del Capítulo 11 del Código de Quiebras[13]. Al igual que la señora Vázquez Colón, arguyó, que el 3 de octubre de 2023, HIMA de Caguas le solicitó al Tribunal Federal de Quiebras autorización para proceder con un APA con Pavía Caguas. Entonces, el 14 de noviembre de 2023, el Tribunal Federal de Quiebras emitió una Orden autorizando la venta del Hospital HIMA de Caguas en favor de Pavía Caguas libre de gravámenes, incluyendo expresamente unas disposiciones que liberaba a Pavía Caguas de tener que responder por reclamaciones de ex empleados de HIMA de Caguas como sucesor o adquiriente del negocio[14]. Además, alegó que HIMA de Caguas presentó ante el Tribunal Federal de Quiebras una solicitud para que se fijara un término límite para las radicaciones de reclamaciones de sus acreedores, incluyendo empleados[15]. El Tribunal Federal de Quiebras declaró con lugar la solicitud, fijando el 18 de abril de 2024, como la fecha límite para que cualquier persona pudiera radicar las reclamaciones que tuviera contra HIMA de Caguas que hubieran surgido en o antes del 31 de enero de 2024.

Pavía Caguas, también presentó ese mismo día, 27 de septiembre de 2024, *Moción de Sentencia Sumaria de la primera causa de acción de la querella por alegado discrimen de Pavía Caguas*

---

[12] *Íd.*

[13] Capítulo 11 del Código de Quiebra de los Estados Unidos, 11 U.S.C. sec. 1101 *et seq.*

[14] Véase, Entrada #17 de SUMAC. *Moción de Sentencia Sumaria de la primera causa de acción de la querella por alegado discrimen de Pavía Caguas, anejo 4,* "ORDER APPROVING PURCHASE AND SALE AGREEMENTS OF GRUPO HIMA CAGUAS ASSETS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, FREE AND CLEAR OF ALL LIENS, CLAIMS INTERESTS AND ENCUMBRANCES"

[15] Véase, Entrada #17 de SUMAC. *Moción de Sentencia Sumaria de la primera causa de acción de la querella por alegado discrimen de Pavía Caguas, anejo 5,* "Motion for Order (I) Fixing a Deadline for Filing Requests for Allowance of Administrative Expense Claims and (II) Designating Form and Manner of Notice)".

en donde expuso, en síntesis, que no discriminó contra la señora Vázquez Colón por razón de su género o por su estado de embarazo al no reclutarla, por lo que solicita se desestime dicha causa de acción. Igualmente, esbozó que, de todos los empleados que ocupaban un puesto similar al de la señora Vázquez Colón, solo dos (2) se reclutaron, siguiendo el criterio de antigüedad con HIMA de Caguas; y fundamentó su petitorio con la deposición. Además, alegó que, de las personas en el puesto que ocupaba la señora Vázquez Colón, siete (7) no fueron reclutados incluyendo a la señora Vázquez Colón.

En respuesta, el 7 de octubre de 2024, la señora Vázquez Colón presentó *Oposición a "Moción de Desestimación por Falta de Jurisdicción"*[16]. Adujo que el foro primario tenía jurisdicción para atender sus reclamos y aplicar la doctrina de patrono sucesor, conforme con *Rodríguez v. Urban Brands*, 167 DPR 509 (2006). Además, arguyó que el TPI no aplicó la doctrina de patrono sucesor a modo de excepción ni condicionado a que se le hiciera una notificación adecuada del proceso de quiebra[17].

Además, el 24 de octubre de 2024, presentó *Oposición a "Moción de Sentencia Sumaria de la primera causa de acción de la querella por alegado discrimen de Pavía Caguas"*, en la cual adujo que existen hechos esenciales y pertinentes que están en controversia que requieren se le permita tener su día en corte para que se puedan atender sus reclamos en sus méritos.

El 7 de noviembre de 2024, el TPI resolvió mediante Sentencia Parcial lo siguiente:

> Es menester señalar, que, en Rodríguez v. Urban Brand, 167 DPR 509 (2006), el **Tribunal Supremo, por vía de excepción, aplicó la doctrina de patrono sucesor** siendo un caso de venta de activos, aprobado por un Tribunal de Quiebras Federal. Específicamente, **el Tribunal**

---

[16] Véase, Entrada #20 de SUMAC.
[17] *Íd.*

**Supremo aplicó la doctrina de patrono sucesor en un caso de venta de activos aprobado por el Tribunal de Quiebras únicamente luego de determinar que los acreedores (empleados) no habían sido debidamente notificados del procedimiento de quiebras del anterior patrono aun cuando tenían una reclamación pendiente en su contra.** Rodríguez, 167 DPR, pág. 520. **Fue solo ante la falta de diligencia del vendedor, quien no notificó a sus empleados, que se le impuso responsabilidad al sucesor.** *Íd*, pág. 524.

Esto no fue lo que sucedió en el caso de epígrafe. De igual forma en In re Savage Industries, Inc., 43 F.3d 714, n.4 (1er Cir. 1994), **se resolvió que la regla general es que una corporación que compra o adquiere los activos de otra entidad bajo la ley de quiebras, no asume responsabilidades del vendedor**. La excepción a esta norma es de aplicación cuando, a pesar de existir una reclamación en contra del vendedor, no se le garantiza una notificación adecuada al acreedor sobre la existencia del proceso de quiebras. Esto último puede impedir que el Tribunal de Quiebras emita un interdicto contra reclamaciones futuras, ya que viola el debido proceso de ley de los acreedores quienes son partes interesadas del proceso de quiebras. 11 USC § 727(a)(1); In re Savage Industries, Inc., 43 F.3d, pág. 721. Véase, además, City of New York v. New York, New Haven & Hartford R.R., 344 US 293, 296 (1953); Zurich American Ins. Co. v. Tessler (In re J.A. Jones, Inc., 492 F.3d 242 (4th Cir.2007). (Énfasis suplido).

Así pues, el foro primario determinó declarar HA LUGAR la *Moción de Desestimación por falta de jurisdicción*.

En igual fecha, el foro primario también emitió una *Resolución*, en la que declaró *No Ha Lugar* la *Moción de Sentencia Sumaria de la primera causa de acción de la querella por alegado discrimen de Pavía Caguas* y dispuso las siguientes determinaciones de hechos:

1. La Sra. Arahiza Vázquez Colón es una enfermera graduada con bachillerato, graduada de la Universidad Interamericana Recinto de Guayama.
2. La Sra. Arahiza Vázquez Colón fue contratada por Centro Médico del Turabo, Inc., haciendo negocios como HIMA San Pablo-Caguas, el 30 de octubre de 2017, mediante un contrato a tiempo indeterminado.
3. La Sra. Arahiza Vázquez Colón fue contratada inicialmente por HIMA en el puesto de Enfermera de Sala de Emergencia de la localidad de Caguas, Puerto Rico.
4. Desde diciembre de 2022, la Sra. Arahiza Vázquez Colón ocupó en HIMA el puesto de Coordinadora o "Head Nurse" de la Sala de Emergencia.

5. El 15 de agosto de 2023, HIMA presentó una petición voluntaria de reorganización al amparo del Capítulo 11 del Código de Quiebras.

6. El 3 de octubre de 2023, HIMA le solicitó al Tribunal de Quiebras, autorización para proceder con un Asset Purchase Agreement con Pavía Caguas.

7. El 30 de octubre de 2023, Pavía Caguas les informó a todos los empleados de HIMA Caguas que iniciaría un proceso de convocatorias de empleos, cuyas entrevistas se llevarían a cabo durante el periodo del 31 de octubre hasta el 3 de noviembre de 2023.

8. El 3 de noviembre de 2023, la Sra. Arahiza Vázquez Colón completó una Solicitud de Empleo para trabajar en Pavía Caguas y fue entrevistada por la Sra. Ebony Walters.

9. Al momento de la entrevista, la entrevistadora, Sra. Ebony Walters, se encontraba en su noveno (9no) mes de embarazo.

10. Previo a comenzar formalmente con la entrevista, la Sra. Arahiza Vázquez Colón y la Sra. Ebony Walters se presentaron; luego la Sra. Walters le indicó que también estaba embarazada, que tenía (9) nueve meses; que ya mismito iba a irse de parto; y luego pasaron a la entrevista.

11. Después de esta introducción, la Sra. Arahiza Vázquez Colón y la Sra. Ebony Walters pasaron a la entrevista formal, donde se expresó estrictamente lo que está en el Formulario de Entrevista sobre el puesto de trabajo.

12. La información que contiene el Formulario de Entrevista completado es lo que la Sra. Arahiza Vázquez Colón le comunicó a la entrevistadora.

13. La Querellante fue despedida por HIMA Caguas el 19 de diciembre de 2023.

14. Como parte del cierre de sus operaciones, HIMA Caguas despidió a todos sus empleados.

15. Al momento de su despido en HIMA, la querellante se desempañaba como "Head Nurse" o Coordinadora de Sala de Emergencias.

16. El último patrono de la Querellante fue HIMA Caguas, ya Pavía Caguas nunca la llegó a contratar y, por ende, nunca fue su patrono.

17. Al momento del proceso de reclutamiento, las siguientes personas ocupaban el mismo puesto de la querellante como Coordinadora o "Head Nurse" de la Sala de Emergencias de HIMA Caguas:

    1) María I. González Flores 8/9/1999
    2) María I. De Jesús Peña 3/13/2006
    3) Zuleyka I. Díaz Pérez 11/12/2007
    4) Lourdes Rivera Sánchez 7/21/2008
    5) Jessica S. Mojica Erazo 10/30/2017
    6) Arahiza I. Vázquez Colón 10/30/2017
    7) Florentino Báez 12/11/2017
    8) Luis O. Cruz Rodríguez 4/17/2018
    9) Wanda I. Cosme Santiago 2/19/2019.

18. La Sra. Arahiza Vázquez Colón reconoce que la Sra. María González Flores y la Sra. María De Jesús Peña, tenían más años de experiencia y de antigüedad en el puesto de Coordinadora.

19. La Sra. Arahiza Vázquez Colón reconoce que la Sra. Zuleyka Díaz Pérez, la Sra. Lourdes Rivera Sánchez, la Sra. Jessica Mojica Erazo, el Sr. Florentino Báez, el Sr. Luis Cruz Rodríguez y la Sra. Wanda Cosme Santiago, no fueron contratados por Pavía Caguas.

20. Entre las personas que no fueron reclutadas por Pavía Caguas, se encontraban hombres y mujeres que no estaban en estado de embarazo.

A su vez, el TPI determinó que:

En el caso de autos, tomando como ciertas las alegaciones de la querella, y al interpretarlas de la manera más favorable a la parte querellante, este Tribunal entiende que no procede la solicitud de sentencia sumaria. Este Tribunal entiende que existe controversia en cuanto a varios hechos materiales a saber, si la querellante fue objeto o no de discrimen por razón de embarazo al momento de la entrevista y por tal motivo no fue reclutada; como fue el proceso de reclutamiento que llevó Hospital Pavía y que parámetros utilizó para el proceso de selección de las personas contratadas. Por tanto, tenemos ante sí, varias controversias sobre hechos esenciales, por lo cual no se puede pasar juicio sobre la totalidad de las cuestiones que fueron planteadas sin la celebración de una vista en la cual se dirima cuestiones de credibilidad y se presente la evidencia que amerite. Es necesario que se celebre un juicio en su fondo.

Insatisfecha con la Sentencia Parcial emitida por el foro primario, la señora Vázquez Colón recurrió ante nos el 15 de noviembre de 2024 mediante el recurso de apelación KLAN202401020, en el que arguyó los siguientes errores:

Erró el Tribunal de Primera Instancia al concluir que la doctrina de patrono sucesor no aplica en este caso porque la Sra. Vázquez Colón tenía conocimiento del proceso de quiebras presentado por HIMA Caguas.

Erró el Tribunal de Primera Instancia al desestimar parcialmente la Querella al concluir que el Tribunal Federal de Quiebras es quien "ostenta la jurisdicción exclusiva" y ocupó el campo para atender los reclamos de la Sra. Vázquez Colón al amparo de la doctrina de patrono sucesor.

De igual manera, inconforme con la Resolución emitida, Pavía Caguas presentó el 18 de noviembre de 2024 el recurso de *Certiorari*

KLCE202401254, en el cual imputa al TPI el siguiente señalamiento de error:

> Erró el TPI y emitió una decisión contraria a derecho al negarse a desestimar la PRIMERA CAUSA DE ACCIÓN de la Querella por Alegado Discrimen de Pavía Caguas por entender que existe una supuesta controversia de hechos materiales.

El 21 de noviembre de 2024, esta *curia* emitió *Resoluciones* en ambos recursos en las que dispuso sobre los términos para presentar alegatos en oposición en cada uno de estos. Las partes cumplieron con el término concedido presentando sus respectivos escritos.

Por su parte, la señora Vázquez Colón presentó el 2 de diciembre de 2024 *Escrito en Cumplimiento de Orden,* en el que solicita la desestimación del recurso presentado por Pavía Caguas mediante el cual impugna la *Resolución* que emitió el foro primario, relacionada con la negativa de desestimar la reclamación de discrimen por género y embarazo. La señora Vázquez Colón argumentó, en primer lugar, que la petición de *certiorari* no cumple con los criterios reglamentarios; y, como segundo fundamento, alegó que existen controversias con relación a si el estado de embarazo fue considerado o no por Pavía Caguas al momento de reclutarla.

Por otro lado, Pavía Caguas presentó *Alegato de la parte Apelada* el 5 de diciembre de 2024. Adujo que no procede la aplicación de la doctrina de patrono sucesor porque la señora Vázquez Colón fue debidamente notificada de la quiebra del HIMA de Caguas.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer el derecho aplicable a la controversia ante nos.

## II.

### -A-

La jurisdicción es la autoridad que posee un tribunal para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio[18].

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales "debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado"[19]. Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo"[20]. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos[21]. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo[22].

### -B-

La Regla 10.2 de Procedimiento Civil[23], permite a la parte demandada solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda

---

[18] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). *Costas Elena y Otros v. Magic Sports y Otros*, 2024 TSPR 13, 213 DPR —— (2024); *Cobra Acquisitions, LLC v. Mun. Yabucoa et al*, 210 DRP 384 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013).
[19] *Cordero et al. v. ARPe et al*, 187 DPR 445, 457 (2012).
[20] *Íd.*, pág. 856.
[21] *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015).
[22] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).
[23] 32 LPRA Ap. V, R 10. 2.

que alguna de las defensas afirmativas prosperará"[24]. La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable.

Al evaluar una solicitud desestimatoria, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas"[25]. Cabe destacar que, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación"[26].

Ante una moción de desestimación, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido"[27]. El tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida"[28].

-C-

La doctrina jurisprudencial del patrono sucesor aplica ante una venta o transferencia de activos, o ante la reorganización de un negocio, si la operación y la identidad de la empresa anterior es

---

[24] *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1065 (2020) citando a *Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569 (2001).
[25] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409 (2008).
[26] *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera,* 184 DPR 407, 423 (2012).
[27] *Torres, Torres v. Torres Serrano,* 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos, supra,* pág. 570.
[28] *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 505 (1994).

sustancialmente similar al negocio luego del cambio. *David R. Segarra Rivera v. International Shipping Agency, Inc.; Intership Tote, Inc./ Tote Maritime Puerto Rico, LLC; Puerto Rico Terminals, LLC y otros, supra*. El Tribunal Supremo expresó claramente que "el único propósito de esta doctrina **es responsabilizar al nuevo patrono por las obligaciones laborales o actos ilegales del patrono anterior**." (Énfasis en el original.)

Cabe señalar que, al identificar si aplica la doctrina de patrono sucesor, nuestro más Alto Foro determino los criterios a considerar:

(1) La existencia de una continuación sustancial de la misma actividad de negocios;

(2) La utilización de la misma planta o instalación para las operaciones;

(3) El empleo de la misma, o sustancialmente la misma, fuerza obrera;

(4) La conservación del mismo personal de supervisión;

(5) La utilización del mismo equipo y maquinaria, y el empleo de los mismos métodos de producción;

(6) La producción de los mismos productos y la prestación de los mismos servicios;

(7) La retención del mismo nombre, y

(8) La operación del negocio durante el período de transición. No obstante, ninguno de esos criterios es de por sí solo determinante[29].

Por otro lado, el Departamento del Trabajo y Recursos Humanos (DTRH) publicó las *Guías para la interpretación de la Legislación Laboral de Puerto Rico de 8 de mayo de 2019* (Guías para la interpretación de la Legislación Laboral)[30] y dispuso en su Sección 9.8: sobre el patrono sucesor lo siguiente:

> La doctrina del patrono sucesor se incorporó jurisprudencialmente a nuestro ordenamiento jurídico, procedente del derecho común estadounidense, para atender situaciones en las que una operación comercial cambia de dueño y se requiere determinar los derechos de los empleados frente al nuevo patrono. Ahora bien, es necesario enfatizar que el único propósito de la referida doctrina es

---

[29] *Íd.*
[30] Disponibles en:
https://trabajo.pr.gov/docs/Boletines/Guias_Legislacion_Laboral.pdf.

hacer responsable al nuevo patrono por las obligaciones laborales o actos ilegales del patrono anterior. En ese sentido, **antes de considerar la aplicación de la doctrina, el juzgador "debe [] primero identificar la existencia de una obligación laboral o un acto ilegal imputable al patrono anterior.** Una vez establecido lo anterior, podrá pasar a examinar si aplica la Doctrina de Patrono Sucesor. Nunca antes"[31].

[...]

Adviértase, que adquirir los activos de un negocio libre de gravámenes (free of liens), a través del proceso provisto por la ley federal de quiebras, no impide, por sí solo, la operación de la doctrina de patrono sucesor[32].

**-D-**

El *certiorari* es un recurso de carácter discrecional[33]. Dicha discreción está delimitada por la Regla 52.1 de Procedimiento Civil[34], la cual nos faculta para revisar los asuntos bajo las Reglas 56 y 57[35] de Procedimiento Civil, y las denegatorias de una moción de carácter dispositivo. A manera de excepción, podremos revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, anotaciones de rebeldía, relaciones de familia, casos que revistan interés público o cualquier otro asunto en el cual esperar hasta una apelación constituiría un fracaso irremediable de la justicia.

Sin embargo, este Tribunal debe considerar ciertos factores al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, antes de ejercer su facultad discrecional de atender o no las controversias que se le plantean:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[31] *Íd.*, citando a *Roldán Flores v. M. Cuebas, Inc.,* 199 DPR 664, (2018).
[32] *Rodríguez v. Urban Brands,* 167 DPR 509, 522 (2006).
[33] *IG Builders v. BBVAPR,* 185 DPR 307, 337 (2012); *Feliberty v. Soc. de Gananciales,* 147 DPR 834, 837 (1999).
[34] 32 LPRA Ap. V, R. 52.1.
[35] 32 LPRA Ap. V, R. 56 y 57.

(B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, ante peticiones de *certiorari* en procedimientos sumarios bajo la Ley Núm. 2 de 17 de octubre de 1961, *Ley de Procedimiento Sumario de Reclamaciones Laborales*[36].

Núm. 2, *supra*, la discreción de este Tribunal está aún más restringida. Antes de analizar los criterios de la Regla 40 del Reglamento de este Tribunal, *supra*, este Tribunal debe considerar las limitaciones jurisdiccionales que el Foro Judicial Máximo estableció en *Dávila v. Antilles Shipping, Inc.*, 147 DPR 483 (1999). Allí, el Foro Más Alto determinó que la Asamblea Legislativa no pretendió proveer un mecanismo directo de revisión para las resoluciones interlocutorias en los casos bajo la Ley Núm. 2, *supra*, pues ello sería contrario a la naturaleza sumaria del procedimiento. El propósito de tal procedimiento es propiciar la celeridad en la solución de estos pleitos. Despojado de su carácter sumario, este mecanismo "resulta un procedimiento ordinario más, en el cual la adjudicación final que oportunamente recaiga resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial"[37]. Proceder de esta forma atenta

---

[36] 32 LPRA sec. 3118 *et seq.*
[37] *Díaz v. Hotel Miramar Corp.*, 103 DPR 314, 316 (1975).

contra la política pública de tramitar las reclamaciones laborales con prontitud y sin dilaciones que pudieran frustrar los fines de la justicia[38]. Por ende, este Tribunal está obligado a cumplir de manera estricta con esta política pública[39].

No obstante, este Tribunal puede intervenir cuando la resolución interlocutoria se dicte de forma *ultra vires* o sin jurisdicción[40]. También en "aquellos casos en [los] que la revisión inmediata, en esa etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una `grave injusticia"[41]. En resumen, por vía de excepción, este Tribunal podrá revisar una resolución interlocutoria en un procedimiento sumario al amparo de la Ley Núm. 2, *supra*, cuando: (1) el TPI no tenga jurisdicción; (2) la intervención de este Tribunal evita un fracaso de la justicia; o (3) la intervención de este Tribunal pondría fin al caso.

### III.

Nos corresponde revisar la *Sentencia Parcial* emitida y notificada el 7 de noviembre de 2024 por el TPI, la cual, como expresáramos anteriormente, desestima la segunda causa de acción alegada por la señora Vázquez Colón sobre la doctrina de patrono sucesor. También, revisamos la *Resolución* emitida y notificada el día 7 de noviembre de 2024 por el foro primario, mediante la cual se negó a desestimar la reclamación de discrimen por género y embarazo.

---

[38] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723. 735-737 (2016) citando a *Berríos Heredia v. González*, 151 DPR 327, 339 (2000).
[39] *Dávila v. Antilles Shipping, Inc., supra*, pág. 492; *Rivera v. Insular Wire Products Corp.*, 140 DPR 912 (1996); *Santiago Pérez v. Palmas del Mar Prop.*, 143 DPR 886, 891-892 (1997).
[40] *Dávila v. Antilles Shipping, Inc., supra.*
[41] *Íd.*, pág. 498.

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, y como cuestión de umbral, procedemos a atender la *Apelación.* Veamos.

En el recurso **KLAN202401020**, la señora Vázquez Colón señala dos errores. Por estar intrínsecamente relacionados, discutiremos ambos errores a la vez. Nos corresponde determinar si el TPI incide al decretar la inaplicabilidad de la doctrina de patrono sucesor por ende a que el Tribunal de Quiebras de Distrito Federal ocupó el campo en cuanto a las reclamaciones relacionadas a la quiebra de HIMA de Caguas.

El TPI fundamenta su análisis basado en que (1) la querellante tenía pleno conocimiento del proceso de quiebras de su patrono, (2) la Orden emitida por el Tribunal de Quiebras el 14 de noviembre de 2023, reserva al Tribunal Federal de Quiebras la jurisdicción exclusiva para interpretar cualquier asunto concerniente a dicho acuerdo incluyendo las reclamaciones laborales como las de autos, (3) en In re: Savage Industries, Inc., 43 F.3d 714, n.4 (1er Cir. 1994), se resolvió que la regla general es que una corporación que compra o adquiere los activos de otra entidad bajo la ley de quiebras, no asume responsabilidades del vendedor. La excepción a esta norma es de aplicación cuando, a pesar de existir una reclamación en contra del vendedor, no se le garantiza una notificación adecuada al acreedor sobre la existencia del proceso de quiebras.

Tras realizar un examen minucioso de la demanda instada, vemos que la señora Vázquez Colón arguye en las alegaciones lo siguiente:

> 46. En consecuencia, Pavía Caguas, como adquiriente voluntario de HIMA en el proceso de reorganización, responde por **las obligaciones laborales o actos ilegal** de este último al amparo de la doctrina de patrono sucesor, por lo que responde por la indemnización provista en la Ley 80 y Ley 3 arriba citadas.

47. En nuestro ordenamiento jurídico, la venta de activos "libre de gravámenes" bajo un procedimiento federal de quiebras no exceptúa la aplicación de la doctrina de patrono sucesor.

Es norma reiterada por nuestro Tribunal Supremo que, *al evaluar una moción de desestimación, los tribunales tienen que dar por ciertas y buenas todas las alegaciones fácticas incluidas en la demanda. Torres, Torres v. Torres et al.,* 179 DPR 481, 501 (2010). *Además, dichas alegaciones hay que interpretarlas de la forma más favorable a la parte demandante. Harguindey Ferrer v. U.I.,* 148 DPR 13, 30 (1999). *Así pues, para desestimar un caso por falta de jurisdicción sobre la materia "es necesario determinar si, tomando como cierto lo alegado por el demandante, el foro tiene jurisdicción para atender el reclamo"*[42].

Contrario a lo determinado por el foro primario, colegimos que, al aplicar el análisis que precede y tomando como ciertas y buenas las alegaciones fácticas incluidas en la demanda, el TPI incide en determinar la inaplicabilidad de la doctrina del patrono sucesor. Nos explicamos.

Conforme con las Guías para la Interpretación de la Legislación Laboral de Puerto Rico y a la normativa establecida por nuestra Máxima Curia, colegimos que, el foro primario incumplió al determinar que no procede aplicar la doctrina de patrono sucesor sin realizar el examen requerido por el Tribunal Supremo, el cual va dirigido a "**identificar la existencia de una obligación laboral o un acto ilegal imputable al patrono anterior. Una vez establezcan esto, podrán examinar si aplica la doctrina de Patrono Sucesor. *Nunca antes***"[43].

---

[42] *Colón Rivera et. al. v. ELA,* 189 DPR 1033, 1049 (2013); *Harguindey Ferrer v. U.I.,* 148 DPR 13, 30 (1999).
[43] *Roldán Flores v M.Cuebas Inc.,* 199 DPR 664, 683 (2018).

.Fíjese que la norma jurisprudencial claramente dispone que antecede realizar este análisis antes de llegar a una determinación sobre la aplicabilidad de la doctrina de patrono sucesor, luego de esto, el Tribunal Supremo reafirma que:

> En otras palabras, si el patrono anterior no cometió algún acto ilegal ni contrajo alguna obligación con el empleado reclamante, no es necesario considerar la existencia de los factores para aplicar la referida doctrina.
> Ello ha sido el curso que este Tribunal ha seguido en el pasado. Hemos aplicado la referida doctrina para hacer valer los términos de un convenio colectivo, *J.R.T. v. Coop. Azucarera, supra*; *Beaunit of Puerto Rico v. J.R.T.,* 93 DPR 509 (1966); para imponer responsabilidad a un patrono sucesor por despidos discriminatorios realizados por el predecesor, *Rodríguez v. Urban Brands, supra*; *Bruno López v. Motorplan, Inc. y otros,* 134 DPR 111 (1993), y para imponer responsabilidad al nuevo adquirente de un negocio por despidos injustificados cometidos por el patrono anterior, *Rodríguez v. Urban Brands, supra*; *Piñeiro v. Int'l Air Serv. of P.R., Inc., supra*. En todos esos casos, antes de proceder a aplicar la doctrina, se ha identificado el acto ilegal o la obligación imputable al primer patrono[44].

Al revisar minuciosamente la *Sentencia Parcial* apelada, surge que el TPI no cumplió a cabalidad con la normativa jurisprudencial establecida, la cual le requiere determinar sobre las alegaciones presentadas en la Demanda, relacionadas con el alegado incumplimiento de obligaciones y actos ilegales cometidos por HIMA de Caguas contra la señora Vázquez Colón. Al incumplir con el análisis jurídico, su determinación de la inaplicabilidad de la doctrina de patrono sucesor fue errada, así como concluir que el Tribunal de Quiebras de Puerto Rico ocupó el campo aun cuando el Tribunal Supremo ha determinado que ***la venta de activos bajo un procedimiento federal de quiebras, aunque sea libre de gravámenes ("free of liens"), no es impedimento para aplicar la doctrina de patrono sucesor según desarrollada por nuestros precedentes***[45].

---

[44] *Íd.*
[45] *Rodríguez v. Urban Brands,* 167 DPR 509, 522 (2006).

A esos efectos, determinamos que los errores alegados en la apelación fueron cometidos.

En el recurso de *certiorari* **KLCE202401254**, Pavía Caguas nos solicita que revisemos la negativa del TPI a dictar sentencia. Alega que no hay controversia alguna sobre los hechos que permiten que se dicte sentencia sumaria y disponer de la totalidad del caso.

Revisado minuciosamente el expediente, podemos colegir que, en este caso, no están presente ninguno de los criterios que establece la Regla 40 de nuestro Reglamento para expedir el auto de *certiorari*. No cabe duda, que el foro primario emitió una Resolución fundamentada, mediante la cual identificó los hechos que no están en controversia y aquellos que sí lo están. Todo ello, en cumplimiento con la normativa al denegar una solicitud de sentencia sumaria.

Además, delimitó las cuestiones de derecho a resolver, que intimamos precisan la cuestión medular y la controversia central: si la señora Vázquez Colón fue objeto o no de discrimen por razón de embarazo al momento de la entrevista y por tal motivo no fue reclutada; como fue el proceso de reclutamiento que llevó a cabo el Pavía Caguas y que parámetros utilizó para el proceso de selección de las personas contratadas.

No nos convencen los argumentos de Pavía Caguas.

Al aplicar el marco jurídico restrictivo establecido por nuestro Tribunal Supremo, nos reiteramos que, no tenemos discreción para revisar las resoluciones de carácter interlocutorio emitidas en los procedimientos sumarios incoados al amparo de la Ley Núm. 2, *supra*. Además, no surge del expediente de este caso alguna excepción que permita nuestra intervención. Por lo cual, este Tribunal debe abstenerse de intervenir con el dictamen del TPI. Por

lo tanto, procede denegar la expedición del auto de *certiorari* solicitado, y así, se sostenga el dictamen emitido por el TPI.

**IV.**

Por los fundamentos antes expuestos, **revocamos** la Sentencia Parcial apelada y devolvemos el caso al foro primario para la continuación de los procedimientos, conforme lo aquí resuelto.

En cuanto al recurso de *certiorari* presentado, **denegamos** la expedición del auto solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Adames Soto emite su voto de la siguiente manera: concurre con voto escrito en cuanto al recurso KLAN202401020 y conforme en el caso KLCE202401254.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| ARAHIZA VÁZQUEZ COLÓN<br><br>*Apelante-Recurrida*<br><br>v.<br><br>METRO CAGUAS INCORPORATED (H.N.C. HOSPITAL PAVÍA CAGUAS) Y OTROS<br><br>*Apelados-Peticionarios* | KLAN202401020<br><br>consolidado con | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV00501 (Salón 208)<br><br>Sobre: Despido Injustificado (Ley Núm. 80 y otros) |
| ARAHIZA VÁZQUEZ COLÓN<br><br>*Recurrida-Apelante*<br><br>v.<br><br>METRO CAGUAS INCORPORATED (H.N.C. HOSPITAL PAVÍA CAGUAS) Y OTROS<br><br>*Peticionarios-Apelados* | KLCE202401254 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV00501 (Salón 208)<br><br>Sobre: Despido Injustificado (Ley Núm. 80 y otros) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

## VOTO CONCURRENTE EN EL KLAN202401020
## JUEZ NERY E. ADAMES SOTO

No preciso reproducir el tracto procesal, ni las argumentaciones de las partes sobre materia sustantiva, en tanto juzgo que la Sentencia que hoy emitimos recogió de manera efectiva tales asuntos. Ello me permite limitar este voto al fundamento preciso de mi concurrencia.

La controversia que nos correspondía dilucidar era una puntual, de fácil solución, pues bastaba citar el precedente dispuesto por nuestro Tribunal Supremo en *Rodríguez v. Urban Brands*, 167 DPR 509, 522 (2006), al manifestar que "la venta de

activos bajo un procedimiento federal de quiebras, aunque sea libre de gravámenes (*free o liens*), no es impedimento para aplicar la doctrina de patrono sucesor según desarrollada por nuestros precedentes". En tal expresión nuestro Tribunal Supremo sintetizó todo el análisis que le precedió para establecer, sin ambages, que nuestra jurisdicción se decantó en favor de aquellas en que se rehúsa reconocer una limitación a la aplicación de las diferentes doctrinas de responsabilidad del sucesor por el mero hecho de que la venta de activos se dio en el contexto de un proceso de quiebras.

Sin embargo, aunque en la Sentencia que hoy emitimos fue citada la porción de la jurisprudencia aludida, también se incluyeron y discutieron otras materias que, a mi juicio, no fueron planteadas por las partes, ni nos correspondían atender, y de ahí que, respetuosamente, concurra.

En San Juan, Puerto Rico, a 20 de febrero de 2025.

Hon. Nery E. Adames Soto
Juez de Apelaciones